GARY R. GLEASON (SB# 136167)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
Fidelity National Property and Casualty Insurance Company

Gerald J. Nielsen, La. S.B. 17078
Mary Ellen Wyatt, La. S.B. 30805
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Tel: 504- 837-2500; Fax: 504- 832-9165
*Of Counsel for Defendant,*
Fidelity National Property and Casualty Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GUS SHUWAYHAT, SELMA SHUWAYHAT, MANWEL SHUWAYHAT, <br><br> Plaintiffs, <br><br> vs. <br><br> FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. C 07 5351 <br><br> **DEFENDANT FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT** |

COMES NOW THE DEFENDANT, Fidelity National Property and Casualty Insurance Company (hereinafter referred to as "Fidelity"), a Write Your Own ("WYO") Carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, as amended

1   DEFENDANT FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT

(the "NFIA"),[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and submits the following Answers and Affirmative Defenses to the Plaintiff's Complaint. Defendant respectfully avers as follows:

Defendant responds as follows to the individual paragraphs of the Plaintiffs' Complaint:

## JURISDICTION

1. The allegations contained in paragraph 1 of the Plaintiffs' Complaint are admitted.

## BASIC STATEMENT OF FACTS

2. The allegations contained in paragraph 2 of the Plaintiffs' Complaint are admitted in that Manwel and Samira Shuwayhat are named insureds under a Standard Flood Insurance Policy ("SFIP") issued by Fidelity, in its capacity as a WYO Program carrier, insuring property located at 94 Sir Francis Drake Boulevard, Ross, California, bearing policy number 047700036867. All remaining allegations are denied for lack of sufficient information or knowledge to justify a belief therein.

3. The allegations contained in paragraph 3 of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

4. The allegations contained in paragraph 4 of the Plaintiffs' Complaint are denied for lack of sufficient information or knowledge to justify a belief therein.

5. The allegations contained in paragraph 5 of the Plaintiffs' Complaint are admitted.

---

[1] 42 U.S.C. §4001, *et seq*.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.,* 143 F.3d 951, 953 (5th Cir.1998).

## FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT

6. Fidelity reasserts and realleges by reference all of the proceeding answers to the allegations found in paragraphs 1 through 5.

7. The allegations contained in paragraph 7 of the Plaintiffs' Complaint are admitted. Answering further, the SFIP is a codified federal law in which the Plaintiffs are charged with knowledge and it speaks for itself.

8. The allegations contained in paragraph 8 of the Plaintiffs' Complaint are denied.

9. The allegations contained in paragraph 9 of the Plaintiffs' Complaint are denied. Answering further, pursuant to the terms of the policy, Fidelity cannot waive the terms of the policy, FEMA has reserved that for the Federal Insurance Administrator only.

10. The allegations contained in paragraph 10 of the Plaintiffs' Complaint are denied.

11. The allegations contained in paragraph 11 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

## SECOND CLAIM FOR RELIEF FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

12. Fidelity reasserts and realleges by reference all of the proceeding answers to the allegations found in paragraphs 1 through 11.

13. The allegations contained in paragraph 13 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

14. The allegations contained in paragraph 14 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

15. The allegations contained in paragraph 15 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

16. The allegations contained in paragraph 16 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

17. The allegations contained in paragraph 17 of the Plaintiffs' Complaint are denied. Answering further, extra-contractual and state-law-based claims are preempted and barred by federal Constitutional, statutory, and regulatory law.

Fidelity denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief (including subparts one through six as listed by the Plaintiffs) following Paragraph 17 of the Plaintiffs' Complaint. Further, the Seventh Amendment right to a trial by jury does not apply in cases involving claims under the NFIP. Further, extra-contractual and state law based claims are preempted and barred by federal, Constitutional, statutory and regulatory law.

AND NOW comes Defendant, Fidelity National Property and Casualty Insurance Company for the purposes of asserting the following affirmative defenses:

### FIRST DEFENSE - NO CAUSE OF ACTION

The Plaintiffs' Complaint fails to state a claim upon for which this Honorable Court may grant relief. Defendant reserves its right to assert all motions pursuant to F.R.C.P. Rule 12(b).

## SECOND DEFENSE - CONDITIONS PRECEDENT

Plaintiffs' SFIP expressly conditions the right to sue for benefits under the policy upon the Plaintiffs' prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiffs are seeking under the policy, Plaintiffs must meet their burden of proof to establish their pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the notice of loss, separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(1), Art. VII, each provision of which is expressly pleaded herein by reference. See Articles VII(J)(3), (J)(4) and (K).

## THIRD DEFENSE - NO DETRIMENTAL RELIANCE

Plaintiffs did not rely on any alleged misrepresentations of Defendant. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. Supreme Court precedents bar such claims in the context of federal insurance programs, including the NFIP. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), VII(7), and VII(8).

## FOURTH DEFENSE - THE INSURING AGREEMENT

The responsibilities of the Defendant to the Plaintiffs, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, Plaintiffs have no cause to complain of the strictures

of the NFIP, for they agreed to be bound by all program rules as a condition of the insurance the Plaintiffs sought.

### FIFTH DEFENSE - EXCLUSIONS

Some or all of the claims of the Plaintiffs are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), including but not limited to Art. I; Art.II (B)(3) and (10); Art III (B); Art. IV; Art V; Art VII(D), (E), (F), (G), (H), (J), (K), (M), (Q), (R), (S), (V); and, Art. IX, each provision contained therein are specifically pleaded herein. Plaintiffs' claims are further barred by 44 C.F.R. §§ 61.5(b), 61.11, and 61.13(c) and (d).

### SIXTH DEFENSE - WAIVERS

No part, provision or requirement of the SFIP, or any of the controlling federal laws, rules and regulations, may be waived, altered or amended by Fidelity. See 44 C.F.R. 61.13(d) and Article VII(D) of the SFIP itself. Only the Federal Insurance Administrator may make such a waiver, and it must be in writing. No evidence of any such waiver, such that any additional amounts of U.S. Treasury funds could be paid to the insured, has been presented.

### SEVENTH DEFENSE - CONSTITUTIONAL ISSUES

Pursuant to the Appropriations Clause, no recovery may be allowed to the Plaintiffs beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of the NFIP. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the

National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

## EIGHTH DEFENSE - CAUSATION

Some or all of the damage claimed by the Plaintiffs was the result of causes not within the scope of the SFIP, including damage that was preexisting, damage that was caused by non-covered perils (such as wind or wind-driven rain), prior flood damage to the home that had not been repaired, damage due to improper maintenance of the home and/or damage that although caused by a flood is excluded or otherwise not covered under the SFIP. Under federal law, all burdens of proof upon this issue rest upon the Plaintiffs.

## NINTH DEFENSE - PRIOR PAYMENTS

Defendant asserts the right to a credit for any claims payments that have been made under Plaintiffs SFIP, and/or which might be made during the pendency of this action, but prior to final judgment. In addition, Plaintiff owes a refund of any amounts of U.S. Treasury funds that Plaintiff improperly possesses, or at the very least, Defendant would be entitled to an offset and credit for any amounts the Plaintiff is already in possession of that they should not have received.

## TENTH DEFENSE - BINDERS

Federal law expressly invalidates and precludes all oral and written binders in the context of the NFIP. To the extent Plaintiffs seek to claim any promises of coverage, such promises are invalid and unenforceable as a matter of federal law.

## ELEVENTH DEFENSE - JURY TRIAL

The Seventh Amendment's right to trial by jury does not apply in cases arising out of participation in the NFIP.

## TWELFTH DEFENSE - EXTRA-CONTRACTUAL CLAIMS

As to Plaintiffs claim under their SFIP, all state law based extra-contractual claims are preempted and barred by federal constitutional, regulatory, and statutory law. In addition, the States do not have the right or authority to regulate the U.S. Government's flood insurance program operated and funded with U.S. Treasury Funds. See the McCarren-Ferguson Act, 15 U.S.C. §1011 *et seq.*, specifically 15 U.S.C. §1012(b). See also Article IX of the SFIP. Accordingly, Defendant requests that this Court dismiss Plaintiffs' claims for extra-contractual state-law-based remedies to the extent it regards Plaintiffs' SFIP, as said claims fail to state a claim upon which relief may be granted. Further, because claim payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for prejudgment interest or post-judgment interest are barred by federal law. The "No Interest Rule" applies.

## THIRTEENTH DEFENSE - GOVERNANCE OF FEMA GUIDELINES

Fidelity is a signatory to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*), and applicable federal regulations in Title 44 of the Code of

Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under Fidelity's logo. Fidelity agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration ("FIA") and FEMA." Fidelity does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the Flood Program. The Federal Insurance Administration is the sole authority. See e.g., Pt 61, App. A(1), Art. VII, Section D.

### FOURTEENTH DEFENSE - STRICT COMPLIANCE

Because U.S. Treasury funds are at stake in the payment of claims within the National Flood Insurance Program, strict compliance with the terms and provisions of the Standard Flood Insurance Policy, the National Flood Insurance Act of 1968, as amended, and the Code of Federal Regulations is required of all parties.

### FIFTEENTH DEFENSE - STRICT CONSTRUCTION OF POLICY

Fidelity avers that "Definitions" set forth in Article II of the SFIP must be strictly construed, interpreted and enforced.

### SIXTEENTH DEFENSE - FEDERAL LAW GOVERNS

The SFIP in question in this lawsuit was written by the United States Government (not this Defendant), pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(1). As the federal government is the ultimate underwriter of the National Flood Insurance Program, it has been determined that federal (not state) law governs all claims regarding the SFIP. See also Article IX of the SFIP.

## SEVENTEENTH DEFENSE - SUPREME COURT PRECEDENT

All persons are charged with the knowledge of the published federal laws and what is required of them by such laws. Because the Plaintiffs SFIP is codified federal law (44 C.F.R. Pt. 61, App. A(1), Plaintiff is charged with the provisions and the requirements of the flood policy. Accordingly, failure to comply with the provisions of the SFIP and Code of Federal Regulations is solely the responsibility of the Plaintiff. Therefore, Defendant is in no way liable for the actions or inactions taken by the Plaintiff or its representatives in this matter. *See Federal Crop Ins. Corp v. Merrill*, 332 U.S. 380 (1947); *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51 (1984).

## EIGHTEENTH DEFENSE - LIMITED SCOPE OF COVERAGE

Defendant asserts that Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via executive branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damages caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from the flood are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of the Plaintiff's recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1), including but not limited to Article III(A),(B), (C) and (D).

## NINETEENTH DEFENSE - MITIGATION

Defendant asserts that if any of the Plaintiff's damages are a result of failure by the Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

## TWENTIETH DEFENSE - TIME LIMITATIONS

If Plaintiff's lawsuit was not filed in federal court within 12 months of the dates of any letter from the Defendant to the Plaintiff's denying all or part of the Plaintiff's claim for benefits under the SFIP, then this lawsuit is time-barred. To the extent federal time limitations are not applicable, Defendant asserts all available prescriptive and preemptive statutes and limitation, whether general or specific.

## TWENTY-FIRST DEFENSE - NOT PRINCIPAL DWELLING

Under the Standard Flood Insurance Policy (SFIP), 44 C.F.R. Pt.61, App. A(1), the building in question does not qualify for recovery of recoverable depreciation. The insured property was not the principal residence of the insured at the time of loss, it was not occupied by either the insured or the insured's spouse for 80% of the calendar year immediately preceding the loss.

## TWENTY-SECOND DEFENSE - FEDERAL COMMON LAW CLAIMS

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that Plaintiffs seek any recovery from the Defendant under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

DEFENDANT FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT

### TWENTY-THIRD DEFENSE - STANDING

To the extent that named Plaintiffs are not the named insureds on the policy, those Plaintiffs lack standing to assert any claims against Defendant in this lawsuit.

### TWENTY-FOURTH DEFENSE - INCREASED HAZARD

Plaintiff's claims are barred as to the extent that hazards were increased by actions or inaction of the Plaintiff. 44 C.F.R. Part 61, App. A(1), Article V (D)(10).

### TWENTY-FIFTH DEFENSE - IMPROVEMENTS

Plaintiff's claim for losses as they pertain to improvements are not compensable under the SFIP. The Insuring Agreement states that the SFIP insures plaintiff up to "the amount it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss."

### TWENTY-SIXTH DEFENSE - PROOF OF LOSS BURDEN

The burden to submit the Proof of Loss and documentation in support of the claim lies solely with the insured, not anyone else, as per Article VII(J) of the SFIP. Furthermore, the independent adjuster is provided "as a courtesy only" as per Article VII(J) of the SFIP.

### TWENTY-SEVENTH DEFENSE - LOSS PAYEES

In the event of any recovery by the Plaintiffs, Defendant affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee must be included in any judgment or payment in this case. If there are other entities such as the SBA that are entitled to have their interests protected

on any further checks, then those requirements are pleaded herein as well.

### TWENTY-EIGHTH – NO MEETING OF THE MINDS

To the extent that the Plaintiffs contest to the proposition set forth above, or otherwise dispute any of the terms, conditions, or limits of their SFIP, then Defendant asserts that there was never a "meeting of the minds" to form a contract of insurance between the parties. In that event, Defendant prays that the Court order the return by the Plaintiffs of any amounts previously paid to the Plaintiffs under their SFIP, and that the Defendant thereupon reimburse to the Plaintiffs their premium payment for the policy term in effect on the date of loss.

### TWENTY-NINTH DEFENSE - FISCAL AGENT STATUS

By statute, the Defendant, as a WYO carrier, is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended." 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

### THIRTIETH DEFENSE – AGENT IS AGENT FOR INSURED

Given the various federal principles outlined within this Answer, Defendant asserts that not only does the Plaintiff have no viable claim for relief against this Defendant, but in addition, Plaintiff has no viable claim for relief against the agent. However, in the alternative, Defendant asserts that any claim of imputed fault arising under state law for

13   DEFENDANT FIDELITY NATIONAL
PROPERTY AND CASUALTY INSURANCE
COMPANY'S ANSWER TO COMPLAINT

the acts or omissions of the agent, is precluded by federal law. Federal law establishes a line of demarcation separating the WYO carrier from the agent for these purposes. As a matter of federal law, the WYO is the fiscal agent and fiduciary of the United States, while the agent acts for the insured. See 42 U.S.C. §4071(a)(1), 44 C.F.R. §61.5(e), and 44 C.F.R. §62.23(f).

### THIRTY-FIRST DEFENSE – PAYMENT FOR HANDLING OF CLAIMS

Defendant has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a 3.3% commission for ever dollar paid to an insured under an SFIP, 44 C.F.R. Part 62, App. A, Art. III (C)(1). In other words, the greater the amount paid to an insured under an SFIP, the higher the fee Defendant will receive from the federal government for handling the claim.

### THIRTY-SECOND DEFENSE – PREMIUM TENDERED

Defendant may only place a particular dollar amount of flood insurance coverage based on the rating of the Plaintiff's property and the amount of premium tendered for said requested flood coverage. Should the premium tendered by insufficient to purchase or renew the requested amount of flood insurance coverage, then Defendant is required by the NFIP to reduce the amount of requested coverage on a percentage basis based on the amount of premium tendered versus the amount required to purchase the requested flood insurance coverage.

### THIRTY- THIRD DEFENSE - POLICY ISSUANCE

Defendant pleads the provisions of 44 C.F.R. Pt. 62, App. A, Article II(D), Policy Issuance, as a defense thereto.

14   DEFENDANT FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT

1  WHEREFORE Defendant Fidelity National Property and Casualty Insurance Company prays that this answer and affirmative defenses be deemed sufficient, and that after due proceedings are heard, that there be a judgment in favor of this Defendant and against the Plaintiffs dismissing all claims for damages, with prejudice and with all costs, fees and expenses associated with this proceeding taxed to the Plaintiff.

Dated this 21st day of November, 2007.            Respectfully submitted,

_____/s/_____
Gary R. Gleason (SB #136167)
FARBSTEIN & BLACKMAN, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
**FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY**

Gerald J. Nielsen (La. S.B. 17078)
Mary Ellen Wyatt (La. S.B. 30805)
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel: 504-837-2500; Fax: 504-832-9165
*Of Counsel for Defendant,*
**FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY**