GARY R. GLEASON (SB# 136167)
MARGARET A. BURTON (SB# 193386)
FARBSTEIN & BLACKMAN
A Professional Corporation
411 Borel Avenue, Suite 425
San Mateo, California 94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY

GERALD J. NIELSEN (La. S.B. 17078)
MARY ELLEN WYATT (La. S.B. 30805)
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Tel: 504- 837-2500; Fax: 504- 832-9165
*Of Counsel for Defendant,*
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GUS SHUWAYHAT, SELMA SHUWAYHAT, SAMIRA and MANWEL SHUWAYHAT,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C-07-05351 MHP<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: April, 21, 2008<br>Time: 3:00 p.m.<br>Courtroom: 15<br><br>Complaint Filed: October 19, 2007 |

COME NOW the parties to this action and file this Joint Case Management Statement pursuant to the Standing Order of this Court:

1. <u>Jurisdiction and Service:</u>

Jurisdiction is proper in that this case relates to an insurance claim brought under a

Standard Flood Insurance Policy ("SFIP") under the National Flood Insurance Program ("NFIP"). All such claims are subject to exclusive federal jurisdiction. (42 USC 4100 et seq., especially §4072).

2. <u>Facts:</u>  *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

This case involves a claim for coverage made in relation to a SFIP issued under the NFIP. Plaintiffs assert that in or about January, 2006 they suffered flood related damages to their property. Defendant denies the allegations of the complaint, and a dispute exists as to what, if any, benefits are due to Plaintiffs under the SFIP issued to them.

The complaint was filed on October 19, 2007 and served on November 1, 2007. Defendant filed an answer on November 21, 2007.

3. <u>Legal Issues:</u>  *A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

  A)   Is Plaintiff's state law based claim (i.e., "bad faith" claim) pre-empted or otherwise precluded under relevant NFIP statutes, regulations and decisional law?

  B)   Is Plaintiff entitled to a jury trial?

  C)   Is there coverage for the loss under the SFIP for Plaintiffs' loss, or is it precluded for reasons such as lack of coverage, failure to file a timely proof of loss, and/or the loss was caused by something other than direct physical loss from a flood?

  D)   If damages exist, how are they to be calculated?

4. <u>Motions:</u>  *All prior and pending motions, their current status, and any anticipated motions.*

No motions have been heard, and none are pending. Defendant expects to file the following motions:

  1.  Motion to Quash Jury Request.

  2.  Motion to Dismiss State Law Claims.

  3.  Motion for Summary Judgment based on, among other grounds, Plaintiffs' failure to file a timely proof of loss.

5. <u>Amendment of Pleadings:</u> *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

    No such amendments are planned.

6. <u>Evidence Preservation:</u> *Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.*

    Other than advice of counsel to each client, no other steps have been taken in this regard, as such advice is sufficient.

7. <u>Disclosures:</u> *Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

    Defendants served its initial disclosures on February 1, 2008. Plaintiff will be serving their initial disclosures prior to the Initial Status Conference. (The documents and information that would have been provided with Plaintiffs' initial disclosure have been provided through discovery responses.)

8. <u>Discovery:</u> *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).*

    Plaintiffs have responded to Defendant's written discovery. In addition Defendant has taken the deposition of two of the plaintiffs - Gus Shuwayhat and Selma Shuwayhat. Plaintiff has not served any discovery to date. The parties expect to complete typical sets of interrogatories and document requests. The parties anticipate taking the deposition of: the remaining insured, the independent adjuster, the public adjuster, Defendant's claims personnel and each party's experts. In relation to FRCP 26(f) the parties state:

    1)    Defendant made its initial disclosures on February 1, 2008. Plaintiff will complete theirs before the Initial Status Conference.

    2)    The issues covered by discovery include, among other issues: the specific cause of loss; the nature of flood event; the damages associated with flood event; any mitigation taken by plaintiffs; alternatives to proposed remedial measures, and the history of the claim submission.

3)      At present neither party is aware of any electronic discovery issue.

4)      At present, neither party is aware of any issues relating to privilege claims.

5)      At present neither party believes there is a need to alter the FRCP discovery limitations.

**9. Class Actions:** *If a class action, a proposal for how and when the class will be certified.*

Not Applicable

**10. Related Cases:** *Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

No related cases exist.

**11. Relief:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

The case is at its inception and information about damages is being developed. Plaintiffs are claiming the costs to repair of $150,000-$250,000 (or more), interest, attorneys' fees, and emotional distress damages.

**12. Settlement and ADR:** *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

PLAINTIFFS: Plaintiffs suggest referral to a magistrate judge for a settlement conference.

DEFENDANT: It is too early to assess ADR prospects. Ultimately, however, counsel for Defendant has found the use of the Court's settlement program the most effective. Nevertheless, in Defendant's counsel's experience, flood cases often lend themselves to a dispositive motion, and would want the opportunity to pursue one before proceeding to ADR.

JOINT CASE MANAGEMENT STATEMENT

13. *Consent to Magistrate Judge For All Purposes:* *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

    Not all parties will stipulate to a Magistrate Judge.

14. <u>Other References:</u> *Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

    This case does not require referral to a special master, Judicial Panel or Multidistrict Litigation. The parties do not agree to binding arbitration.

15. <u>Narrowing of Issues:</u> *Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

    Defendant intends to seek dismissal of the state-law bad faith claim. If successful this will leave only a breach of contract claim.

16. <u>Expedited Schedule:</u> *Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.*

    The parties believe the Court's normal scheduling is most appropriate.

17. <u>Scheduling:</u> *Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

    Plaintiffs suggest a trial date of November 2008 or February of 2009. The other dates would flow from that. Defendant suggests February 2009.

18. <u>Trial:</u> *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

    Plaintiff has requested a jury, and Defendant will be filing a motion to quash that request. If the case is tried to the court the parties estimate a trial of 3-5 days. If the case is tried to a Jury the parties estimate a trial of 5-7 days.

**19. Disclosure of Non-Party Interested Entities or Persons:** *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (I) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Defendant filed a Disclosure of Non Interested Entities, and provides the information set forth therein:

ENTITY:   FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY

INTEREST:
1. Fidelity National Property and Casualty Insurance Company is a wholly owned subsidiary of Fidelity National Insurance Company;
2. Fidelity National Insurance Company is a wholly owned subsidiary of National Alliance Marketing Group, Inc.; and
3. National Alliance Marketing Group, Inc. is a wholly owned subsidiary of Fidelity National Financial. Fidelity National Financial is publically traded.

Fidelity is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the Arrangement,[1] to issue the federal government's Standard Flood Insurance Policy, which is a codified federal regulation found at 44 C.F.R.Pt. 61, App. A(1). As part of the National Flood Insurance Program ("NFIP"), all flood claims are paid directly with U.S. Treasury funds. *See* 44 C.F.R. Pt. 62, App. A, Arts. II and III; *See* also 42 U.S.C. §4017. The NFIP is not a reinsurance program. The U.S. Fifth Circuit has held that claim payments are a direct charge on the U.S. Treasury. *See Gowland v. Aetna,* 143F.3d 951, 955 (5th Cir. 1998), quoting *In Re Estate of Lee,* 812 F.2d 253, 256 (5th Cir. 1987). FEMA therefore has an interest in the outcome of this litigation.

ENTITY:   U.S. TREASURY/ NATIONAL INSURANCE FUND (Administered by FEDERAL EMERGENCY MANAGEMENT AGENCY ("FEMA")

R. David Paulison
Administrator
FEMA Mitigation Division
Washington, DC

---

[1] 44 C.F.R. Pt. 62, App.A.

JOINT CASE MANAGEMENT STATEMENT

INTEREST: The federal government underwrites the National Flood Insurance Program policies. Claims and the cost of defending claims are paid out of the National Flood Insurance Fund of the U.S. Treasury or paid out of a line of credit issued by the U.S. Treasury.

This list included the parties that the undersigned counsel is familiar with and does not include information on parties counsel does not represent.

**20. Other:** *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Not applicable.

DATED: April 11, 2008                    Respectfully submitted,

___/s/___
GARY R. GLEASON
FARBSTEIN & BLACKMAN, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402-3518
Tel: 650-554-6200; Fax: 650-554-6240
*Local Counsel for Defendant,*
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY


GERALD J. NIELSEN
MARY ELLEN WYATT
NIELSEN LAW FIRM, L.L.C.
3838 N. Causeway Blvd., Suite 2850
Metairie, Louisiana 70002
Tel: 504-837-2500; Fax: 504-832-9165
*Of Counsel for Defendant,*
FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY


DATED: April 11, 2008                    ___/s/ by permission___
E. GERARD MANNION
MANNION & LOWE
*Counsel for Plaintiffs*
GUS SHUWAYHAT, SELMA SHUWAYHAT,
SAMIRA and MANWEL SHUWAYHAT