# EXHIBIT 1

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEON WHITFIELD AND MARY                          CIVIL ACTION
WHITFIELD

VERSUS                                           NO: 06-4166

COUNTRYWIDE HOME LOANS,                          SECTION: J(2)
INC., ET AL.

<u>ORDER</u>

    Local Rule 7.5E of the Eastern District of Louisiana
requires that memoranda in opposition to a motion be filed **and** a
copy be delivered to chambers eight days prior to the date set
for hearing of the motion.  No memorandum in opposition to the
**Motion to Quash Jury Demand (Rec. Doc. 27)**, set for hearing on
April 4, 2007, has been submitted.  Counsel for Defendant, Alpha
Insurance, L.L.C. has indicated that he does not oppose the
motion.  Accordingly, this motion is deemed to be unopposed,
and, further, it appearing to the Court that the motion has
merit,

    **IT IS ORDERED** that the **Motion to Quash Jury Demand (Rec.
Doc. 27)** is **GRANTED**.

    A motion for reconsideration of this order based on the

appropriate Federal Rule of Civil Procedure, if any, must be
filed within thirty days.  The motion must be accompanied by an
opposition memorandum to the original motion.  Because such a
motion would not have been necessary had a timely opposition
memorandum been filed, the costs incurred in connection with the
motion, including attorney's fees, may be assessed against the
party moving for reconsideration.  See Fed. R. Civ. P. 16.

New Orleans, Louisiana, this 28th day of March, 2007.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

FILED
CLERK, U S DISTRICT COURT

JAN 2 1 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority _____
Send _____
Enter ✓
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| DONALD L. TRUEX, D.D.S., | CV 03-06587 TJH (AJWx) |
| Plaintiff, | |
| v. | |
| ALLSTATE INSURANCE COMPANY, *et al.*, | **Order** |
| Defendants. | |

The Court has considered Defendants' motion to quash jury demand, together with the moving and opposing papers.

**It is Ordered** that the motion be, and hereby is, **Granted** as to the claim under the Standard Flood Insurance Policy.

. . . . . .

. . . . . .

DOCKETED ON CM

JAN 2 4 2005

BY _____ 010

30

1   **It is Further Ordered** that the motion be, and hereby is, **Denied** as to the

2   claim under the Business Customizer Policy.

3

4   Date:   January 20, 2005

5

6                                                           **Terry J. Hatter, Jr.**

7                                                    **United States District Judge**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT 3

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

266 F.Supp.2d 509
(Cite as: 266 F.Supp.2d 509)

United States District Court,
S.D. Mississippi,
Jackson Division.

Pamela Gail Cox WINKLER Plaintiff
v.
STATE FARM FIRE AND CASUALTY
COMPANY and Barry Pinnix Defendants

No. CIV.A. 3:03-CV-202BN.

June 3, 2003.

Insured brought state court action against insurer and agent for wrongful failure to pay her claims under homeowner's and flood insurance policies. After removal to federal court, insured moved to remand to state court. The District Court, Barbour, J., held that: (1) claim for breach of Standard Flood Insurance Policy (SFIP) raised substantial question of federal common law, and (2) exercise of supplemental jurisdiction over remaining claims was warranted.

Motion denied.

West Headnotes

**[1] Federal Courts ☞192**
170Bk192

Insured's action alleging that "write your own" (WYO) private flood insurer breached Standard Flood Insurance Policy (SFIP) raised substantial question of federal common law supporting federal question jurisdiction. 28 U.S.C.A. § 1331; National Flood Insurance Act of 1968, § 1341, 42 U.S.C.A. § 4072.

**[2] Federal Courts ☞191**
170Bk191

Federal question may arise out of federal common law. 28 U.S.C.A. § 1331.

**[3] Federal Courts ☞15**
170Bk15

Exercise of supplemental jurisdiction over insured's claims against insurer and local agent for wrongful failure to pay under homeowner's policy was appropriate, where insured also asserted claims to recover under Standard Flood Insurance Policy (SFIP), and claims arose out of same nucleus of operative facts. 28 U.S.C.A. § 1367.

*510 Wayne E. Ferrell, Jr., Wayne E. Ferrell, Jr., Attorney, Jackson, MS, for Pamela Gail Cox Winkler, plaintiff.

John A. Banahan, Bryan, Nelson, Schroeder, Castigliola & Banahan, Pascagoula, MS, for State Farm Fire and Casualty Company, Barry Pinnix, defendants.

*OPINION AND ORDER*

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff to Remand. Having considered the Motion, Response, attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

On or about December 28, 1995, Plaintiff applied for a homeowner's insurance policy from State Farm Fire and Casualty Company ("State Farm"), through her agent Barry Pinnix ("Pinnix"). On or about September 28, 1998, Plaintiff applied for flood insurance coverage with State Farm, also through Pinnix. State Farm issued homeowner's coverage and flood coverage to Plaintiff. Subsequently, Plaintiff's home allegedly began to experience severe moisture accumulation. Plaintiff alleges that the damage to her home is covered by the State Farm insurance policies, and made claims for the damage.

On December 30, 2002, Plaintiff filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, alleging that State Farm wrongfully refused to pay her claims. Plaintiff seeks to hold State Farm and Pinnix liable for negligently and intentionally delaying and failing to pay her legitimate claims, and for setting about on a course of action to intentionally and maliciously vex, annoy, and injure Plaintiff. Plaintiff also brings claims for breach of the duties of good faith and fair dealing, breach of contract, and gross and willful negligence.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

266 F.Supp.2d 509
(Cite as: 266 F.Supp.2d 509, *510)

On February 6, 2003, Defendants removed the suit to this Court. Defendants *511 set forth two separate and independent grounds for federal jurisdiction. First, Defendants argue that Plaintiff's claims for benefits under a Standard Flood Insurance Policy vest this Court with original and exclusive jurisdiction pursuant to 42 U.S.C. § 4072 of the National Flood Insurance Act ("NFIA"). Second, Defendants argue that Pinnix was fraudulently joined, and that diversity of citizenship exists between the parties. On February 21, 2003, Plaintiff filed the present Motion to Remand. Therein, Plaintiff argues that Pinnix is a proper party to the suit, and that diversity jurisdiction does not exist. Plaintiff did not address Defendant's arguments regarding the NFIA in the Motion to Remand. However, Plaintiff did address those issues in a subsequently filed Rebuttal Memorandum. [FN1]

FN1. On May 13, 2003, Plaintiff filed a Motion for Leave to File Supplemental Motion to Remand, and to serve Rebuttal Memorandum out of time. Plaintiff attached an affidavit from Plaintiff's attorney explaining the need to file the Rebuttal Memorandum out of time. Defendants have not objected to the Rebuttal Memorandum. The Court finds that the Motion of Plaintiff should be granted, and the Court has considered the arguments therein.

## II. NATIONAL FLOOD INSURANCE PROGRAM ("NFIP")

The United States Court of Appeals for the Fifth Circuit has previously explained the history and purpose of the NFIP:

The National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. §§ 4001-129, established the NFIP. Initially, the program operated primarily through a pool of private insurers under the supervision of and with financial support from the Department of Housing and Urban Development. In 1977, pursuant to 42 U.S.C. § 4071, the Secretary of HUD terminated that arrangement and made FEMA [Federal Emergency Management Agency] principally responsible for its operation. *See generally Berger v. Pierce,* 933 F.2d 393 (6th Cir.1991). FEMA by regulation promulgated the SFIP [Standard Flood Insurance Policy], and provided for marketing and claims adjustment by private insurers operating as WYO ["Write-Your-Own"] companies. Those companies issue SFIP's in their own names, *see* 44 C.F.R. §§ 61.13(f),

62.23(a), collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies. 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E). In the absence of sufficient funds in the segregated accounts, WYO companies pay claims and make refunds by drawing on FEMA letters of credit. *See* 44 C.F.R. Pt. 62, App. A, Art. IV. They may not alter the terms of the SFIP as dictated by FEMA, *see* 44 C.F.R. § 62.23(c). They receive a portion of the premiums collected as reimbursement for expenses incurred as a result of their NFIP participation. *See* 44 C.F.R. Pt. 62, App. A, Arts. III(B), III(C).

*Spence v. Omaha Indemnity Ins. Co.,* 996 F.2d 793, 794 n. 1 (5th Cir.1993).

Under the NFIP, the Director of FEMA is authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed..., the claimant, within one year after the date of mailing the notice of disallowance..., may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction *512 is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072.

Here, Plaintiff's claims arise out of the disallowance of portions of her claims for insurance benefits. One of the policies in question is an SFIP flood insurance policy, issued by State Farm acting as a WYO insurer. Defendants argue that 42 U.S.C. § 4072 therefore dictates that this Court has exclusive and original jurisdiction over the present suit.

Plaintiff concedes that federal question jurisdiction exists over claims brought for the wrongful denial of a flood policy claim, but argues that no such claim is asserted here. Instead, Plaintiff argues that she only seeks recovery on the homeowner's policy, and that the only issues regarding the flood policy concern the procurement thereof. The Court finds this argument of Plaintiff to be untenable. The Complaint clearly describes Plaintiff's procurement

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

266 F.Supp.2d 509
(Cite as: 266 F.Supp.2d 509, *512 )

of the homeowner's policy in question. Complaint, ¶ 6. Separately, the Complaint also clearly describes Plaintiff's procurement of the flood policy. Complaint, ¶ 8. Thereafter, Plaintiff seeks recovery based on the allegedly wrongful denial of benefits under the "policies." *See, e.g.,* Complaint, ¶¶ 10, 12, 15-18, 20-22, 25. It is clear from the Complaint that Plaintiff seeks to recover under both the homeowner's policy and the flood policy.

The Court notes that on its face, 42 U.S.C. § 4072 vests "original exclusive jurisdiction" in federal district court only in suits against the Director of FEMA. However, federal courts recognize that a claim against a WYO insurer also falls within the statute. *See, e.g., Newton v. Capital Assurance Co.,* 245 F.3d 1306 (11th Cir.2001). Some courts have expressly found that 42 U.S.C. § 4072 provides an independent basis for exercising federal jurisdiction over claims against a WYO insurer. *See Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161, 165-67 (3d Cir.1998) (finding that "a suit against a WYO company is the functional equivalent of a suit against FEMA"). Other courts have found that because SFIP contracts are interpreted using federal common law, *West v. Harris,* 573 F.2d 873, 881 (5th Cir.1978), a suit alleging a breach of an SFIP by a WYO insurer raises a substantial federal question, thus invoking federal jurisdiction pursuant to 28 U.S.C. § 1331. *See Newton,* 245 F.3d at 1308-09 (finding that regardless of whether 42 U.S.C. § 4072 provides an additional basis for federal jurisdiction against WYO insurers, it does not abrogate 28 U.S.C. § 1331 jurisdiction).

[1] The Fifth Circuit has not confronted the issue of whether 42 U.S.C. § 4072 should be interpreted as including not only suits against the Director of FEMA, but also against WYO insurers. However, it is not necessary to determine this issue. This Court agrees with the finding of the United States Court of Appeals for the Eleventh Circuit in *Newton,* that because the flood policy must be interpreted using federal common law, that federal question jurisdiction exists under 28 U.S.C. § 1331.

[2] Federal question jurisdiction exists over suits "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers*

*Vacation Trust,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The federal question may arise out of federal common law. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe,* 471 U.S. 845, 850, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). Here, Plaintiff's claims involve the interpretation of an SFIP contract issued by State Farm. Regardless of the basis of federal jurisdiction, SFIP contracts *513 are interpreted according to federal common law. *West,* 573 F.2d at 880-82. Thus, because the complaint alleges a breach of an SFIP contract, a substantial federal question exists, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Newton,* 245 F.3d at 1309.

Having determined that federal question jurisdiction exists over claims regarding the SFIP contract, the Court must determine whether jurisdiction extends over the entire suit. In addition to issues regarding the interpretation of the SFIP contract, Plaintiff has also brought state-law contract claims regarding the homeowner's insurance policy, and the actions of Pinnix as an agent for State Farm.

Generally, when a district court has original jurisdiction over some claims, the court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," including claims over additional parties. 28 U.S.C. § 1367(a). Supplemental jurisdiction may be declined where a novel or complex issue of State law exists, where the claims substantially predominate over the claims granting original jurisdiction, where the court has dismissed the claims over which it had original jurisdiction, or where other compelling reasons exist. 28 U.S.C. § 1367(c).

[3] Here, all claims brought by Plaintiff are so closely related as to form part of the same case or controversy. None of the factors counseling judicial discretion to decline supplemental jurisdiction exist here. In fact, other factors counsel strongly in favor of exercising supplemental jurisdiction.

First, Circuit courts have often expressed the need for uniformity of decision in suits arising out of NFIA disputes such as this one. *See, e.g., West,* 573 F.2d at 881 ("[s]ince the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and

266 F.Supp.2d 509
(Cite as: 266 F.Supp.2d 509, *513)

since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law"); *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 949 (6th Cir.2002); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 and 396 n. 14 (9th Cir.2000).

Second, the Fifth Circuit has previously recognized the propriety of a district court exercising supplemental jurisdiction over the entire suit when original jurisdiction exists in a case involving the NFIA. *See Smith v. National Flood Ins. Program,* 796 F.2d 90 (5th Cir.1986). *Smith* was decided prior to the passage of the supplemental jurisdiction statute, 28 U.S.C. § 1367 [FN2]. Additionally, the federal jurisdiction in *Smith* was predicated on 42 U.S.C. § 4072.

> FN2. The statute was passed in 1990, expressly overriding a 1989 decision of the United States Supreme Court which dramatically narrowed the bases on which a district court could exercise pendent jurisdiction. *See Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). At the time *Smith* was decided, the Fifth Circuit allowed the exercise of pendent jurisdiction over claims which a federal court could not otherwise exercise jurisdiction "where the federal statute in question [that served as the basis for federal jurisdiction] did not negate the possibility of pendent parties, and where consideration of judicial economy and convenience strongly supported litigating the claim against the pendent party along with the federal claims." *Smith,* 796 F.2d at 92 (internal quotation marks and brackets omitted). The rule announced in Smith was implicitly overruled by *Finley. See Sarmiento v. Texas Bd. of Veterinary Medical Examiners By and Through Avery,* 939 F.2d 1242, 1247-48 (5th Cir.1991). However, supplementary jurisdiction as defined by 28 U.S.C. § 1367 is broader than the rule announced in *Smith,* assuming the existence of supplementary jurisdiction except under certain circumstances that are inapplicable in the case *sub judice.*

Here, the Court has not found that jurisdiction is predicated on 42 U.S.C. § 4072. *514 However, the circumstances here are virtually identical to those faced by the Fifth Circuit in *Smith.* The only material difference is that the plaintiffs in *Smith* sued the National Flood Insurance Program and the local agent who sold them the flood insurance policy.

Thus, the suit fell within the express language of 42 U.S.C. § 4072. In finding that the district court had properly exercised pendent jurisdiction over the local agent defendant, the Fifth Circuit noted that the district court had no independent basis of jurisdiction. *Smith,* 796 F.2d at 92. Nevertheless, the district court had acted properly because

> [t]he claim against [the agent] arose out of the same nucleus of operative facts as the claim against the Program. It was logical to try these claims together.... 42 U.S.C. § 4072 provides for a cause of action in federal court only against the director of the Program. It does not, however, expressly negate the possibility of pendent parties. The exclusive federal jurisdiction over claims against the Program and the considerations of judicial economy and convenience provide appropriate support for the district court's assumption of pendent party jurisdiction.
> *Id*

Here, Plaintiff has sued a WYO insurer and its agent, so that the suit does not fall within the express language of the statute. However, the rationale of *Smith* applies with equal logic in the case *sub judice.* Federal question jurisdiction undoubtedly exists. Although the Court has found it unnecessary to so decide, federal jurisdiction pursuant to 42 U.S.C. § 4072 also probably exists. Considerations of judicial economy and convenience, as well as the interest in uniformity of decision, counsel in favor of the Court exercising supplementary jurisdiction over all claims asserted by Plaintiff herein.

Based on the preceding analysis, the Court finds that federal question jurisdiction exists over Plaintiff's claims regarding the interpretation of the SFIP contract. Pursuant to 28 U.S.C. § 1367, the Court additionally finds that it should exercise supplementary jurisdiction over the remaining claims asserted by Plaintiff. The Court thus finds it unnecessary to determine whether any other grounds for federal jurisdiction, including diversity of citizenship, exist. Because federal subject matter exists over this matter, the Motion of Plaintiff to Remand should be denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [3-1] is hereby denied.

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

266 F.Supp.2d 509
**(Cite as: 266 F.Supp.2d 509, \*514)**

266 F.Supp.2d 509

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

# EXHIBIT 4

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

UNITED STATES DISTRICT COURT
ORIGINAL CENTRAL DISTRICT OF CALIFORNIA

NOV 2 3 2005

BY _____ C06

**CIVIL MINUTES - GENERAL**

Case No.   CV 99-2129 ABC (MANx)          Date   November 22, 2005

Title   Richard Pecarovich v. Allstate Insurance Company

---

Present: The
Honorable        Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Proceedings:        ORDER Granting Defendant's Motion to Quash Jury
Demand (In Chambers)

      On October 25, 2005, Defendant Allstate Insurance Company
("Defendant") filed the above-referenced motion to quash the jury
trial demand in the instant action. On November 14, 2005, Plaintiff
Richard Pecarovich ("Plaintiff") filed an opposition, and Defendant
replied on November 21, 2005. The Court finds the matter appropriate
for submission without oral argument, and hereby VACATES the November
28, 2005 hearing date. See Fed. R. Civ. P. 78; Local Rule 7-15.
Based on the parties' submissions and the case file, the Court hereby
GRANTS Defendant's motion. Further, the Court SETS a **Status
Conference** to discuss how this case will proceed on Monday, **December
12, 2005, at 10:00 a.m.**

                              BACKGROUND

      This case arises from Plaintiff's attempt to recover for damage
to his home under a standard flood insurance policy ("SFIP") issued by
Defendant, a Write-Your-Own ("WYO") coverage provider, pursuant to the
National Flood Insurance Act ("NFIA"). On February 25, 1999,
Plaintiff filed a Complaint against Defendant alleging causes of
action for (1) breach of contract; (2) breach of the implied covenant
of good faith and fair dealing; (3) actual and constructive fraud; and
(4) negligence. Having previously dismissed Plaintiff's fraud and
negligence claims, the Court then dismissed the claim for breach of
the implied covenant of good faith and fair dealing on July 14, 2003.
This dismissal was then upheld by the Ninth Circuit on June 6, 2005.
Pecarovich v. Allstate Ins. Co., No. 03-56420, 2005 WL 1331803, at *1
(9th Cir. June 6, 2005) (affirming that "state tort claims related to
the handling and denial of coverage under the [SFIP] are barred by the
doctrine of conflict preemption"). Accordingly, only Plaintiff's
breach of contract claim remains a viable cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 99-2129 ABC (MANx) | Date | November 22, 2005 |
|---|---|---|---|

| Title | Richard Pecarovich v. Allstate Insurance Company | | |

**DISCUSSION**

A plaintiff bringing suit against the federal government has the right to a jury trial only where Congress has "affirmatively and unambiguously" granted that right by statute. Lehman v. Nakshia, 453 U.S. 156, 160 (1981). Here, Plaintiff's breach of contract claim, brought under the NFIA, directly implicates funds of the United States Treasury administered by Defendant. See Flick v. Liberty Mut. Fire Ins. Co., 205 F.3d 386, 394 (9th Cir. 2000) (noting that "flood losses, whether insured by FEMA or by a participating WYO insurer, are paid out of the National Flood Insurance Fund"). Further, the NFIA does not grant a plaintiff the right to a jury trial. See 42 U.S.C. § 4072.

Plaintiff does not dispute the above, but instead argues that his remaining cause of action includes a claim that Defendant breached its promise to pay third party professionals, including engineers. Thus, Plaintiff contends that this claim is outside the scope of the insurance contract, and thus would not implicate Treasury funds. Plaintiff further claims that a right to a jury trial remains as long as FEMA is not a named defendant. (Opp'n 1-2.) However, Plaintiff's arguments fail for two reasons. First, as discussed above, Plaintiff's tort claim that Defendant acted in bad faith by failing to pay third parties was previously dismissed by this Court as barred by the doctrine of conflict preemption. Accordingly, Plaintiff's citation to Gallup v. Omaha Prop. & Cas. Ins. Co. is inapplicable, as that court only allowed a jury for the plaintiff's extra-contractual bad faith claim, brought under state law. Gallup, No. Civ.A. 03-3476, 2004 WL 2435002, at *3 (E.D. La. Oct. 29, 2004). Second, courts have repeatedly held that an action against a WYO is treated equivalently to an action against FEMA, including on the issue of a right to a jury trial. See, e.g., Flick, 205 F.3d at 394 ("a claim against a WYO insurer is a claim against the federal government"); Chatmar v. Bankers Ins. Co., No. C 04-02347 JW, 2005 WL 588511 (N.D. Cal. Feb. 11, 2005). By contrast, Plaintiff supplies no authority to support his contention that Treasury funds are not implicated here. In fact, as stated by the court in Gallup, the case cited by Plaintiff, any action under the NFIA "against FEMA or a WYO for coverage on the policy or disputes regarding terms of the policy, a right to a jury trial is denied." Thus, as Plaintiff's only remaining claim is for breach of contract, which is brought pursuant to the NFIA, Plaintiff is not

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 99-2129 ABC (MANx) | Date | November 22, 2005 |
| Title | Richard Pecarovich v. Allstate Insurance Company | | |

entitled to a jury trial in this case.[1]

### CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant's
motion to quash Plaintiff's demand for a jury trial.

**IT IS SO ORDERED.**

Initials of Preparer  W FoR DA

---

[1]This Court also rejects Plaintiff's argument that, if the Court
grants the instant motion, then Defendant is an "agent" of the United
States and Plaintiff may claim attorneys' fees under the Equal Justice
Act.  This argument is unsupported and without merit.

# EXHIBIT 5

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT

2004 OCT 25  PM 1: 53

TX EASTERN-BEAUMONT

BY _____ BC _____

| | | |
|---|---|---|
| KIRK SCRITCHFIELD and MELISSA SCRITCHFIELD, | § § § | |
| *Plaintiffs,* | § § | Civil Action No. 1:04-CV-116 |
| v. | § § | JUDGE RON CLARK |
| MUTUAL OF OMAHA INSURANCE COMPANY, OMAHA PROPERTY AND CASUALTY INSURANCE COMPANY | § § § § | |
| *Defendants.* | § | |

### ORDER ON DEFENDANTS'
### MOTION TO QUASH JURY DEMAND AND
### MOTION TO SUPPLEMENT MOTION TO DISMISS

Before the court is Defendants Motion to Quash Jury Demand [Doc. # 13] and Plaintiffs

Response consenting to dismissing the jury demand.

IT IS THEREFORE ORDERED that Defendants Motion to Quash Jury Demand **[Doc.**

**# 13]** is **GRANTED**.

IT IS FURTHER ORDERED that Defendants Motion to Supplement Motion to Dismiss

**[Doc. # 24]** is **DENIED** as moot.

**SO ORDERED**

**SIGNED** October 25, 2004

Ron Clark
United States District Judge

# EXHIBIT 6

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 0 1 2003

JOSEPH FLETCHER,

    Plaintiff,

V.

TEXAS FARMERS INSURANCE
COMPANY,

    Defendant.

§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. H-03-0758

Michael N. Milby, Clerk of Court

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH JURY DEMAND

Before the Magistrate Judge upon referral from the District Judge is Defendant's Motion to Quash Jury Demand (Document No. 7). In that motion, Defendant argues that Plaintiff is not entitled to a trial by jury on the grounds that federal statutory and regulatory laws do not allow for jury trials in matters involving the National Flood Insurance Program ("NFIP"), and that the Standard Flood Insurance Policy ("SFIP") is to be interpreted only by the Court as a matter of law. (Document No. 7 at 1, 2). Plaintiff has not filed a Response.

This case is based upon an alleged breach of contract. In his Original Complaint dated March 3, 2003, Plaintiff contends that he has been damaged by Defendant's refusal to pay for his additional losses for "direct physical loss by or from flood" acquired after Defendant's initial payment was made on Plaintiff's claim. (Document No. 1 at 2, 3). Plaintiff also demanded a trial by jury on the facts and issues involved in this action. *Id.* at 3. Defendant filed an Answer with the District Court on May 28, 2003, asserting a general denial on Plaintiff's breach of contract claims, and indicating that Defendant would be filing the Motion to Quash Jury Demand, which is presently before the Court. (Document No. 4 at 3). Defendant filed the instant motion concurrently with a memorandum of law

in support on May 28, 2003. (Document Nos. 7 and 9).

U.S. Treasury funds are at stake in all flood claim benefits pursuant to the Standard Flood Insurance Policy ("SFIP") issued under the National Flood Insurance Program ("NFIP"). *See Van Holt v. Liberty Mut. Ins. Co.*, 163 F.3d 161 (3rd Cir. 1998) (on panel rehearing). The NFIP is established and carried out by the Director of the Federal Emergency Management Agency ("FEMA"). 42 U.S.C. § 4011(a) (1994). To carry out the NFIP, the Director establishes in the U.S. Treasury a National Flood Insurance Fund for making payments as may be required. 42 U.S.C. § 4017(a). If the Director makes a determination that operation of the NFIP should be carried out through the facilities of the Federal Government, the fund shall be available for such costs as those incurred in the adjustment and payment of any claims for losses. 42 U.S.C. § 4017(d)(1).

If at any time operation of the NFIP cannot be carried out under Part A of the National Flood Insurance Act ("NFIA") (Industry Program with Federal Financial Assistance), the Director of the FEMA can switch the program to Part B (Government Program with Industry Assistance) and make arrangements to carry out the NFIP using insurance companies and other insurers, insurance agents and brokers, and insurance adjustment organizations as fiscal agents of the United States. 42 U.S.C. § 4071(a)(1). Since 1978, the NFIP has been operating under Part B. The insurance companies acting as agents of the United States are known as "write-your-own" ("WYO") carriers, and have the authority to issue SFIPs. A WYO company may write a policy in its name, but FEMA dictates the terms. *Newton v. Capital Assurance Corp.*, 245 F.3d 1306, 1312 (11th Cir. 2001), *rehearing denied*, 263 F.3d 172 (11th Cir. 2001). Premiums collected on policies don't belong to WYO carriers, and claim payments come from FEMA regardless of how they are paid. *Id.* at 1311

Because U.S. Treasury funds are used directly to fund claims under the NFIP, the plaintiff is not entitled to a trial by jury in this case. *See* § 4017(a), *supra*. While the Seventh Amendment

preserves the right to trial by jury, the Supreme Court of the United States has found that the Seventh

Amendment does not apply in actions involving U.S. Treasury funds. *Lehman v. Nakshian*, 453 U.S.

156 (1981). Only where Congress has affirmatively and unambiguously granted by statute the right

to a jury trial in cases involving U.S. Treasury funds may a plaintiff in such an action have a right to

trial by jury. *Id.* at 160. Section 4072 of the National Flood Insurance Act governs judicial review

in actions involving the NFIP, and nowhere in the statute does it "affirmatively and unambiguously"

grant the right of a jury trial to anyone instituting such an action. 42 U.S.C. § 4072. Therefore,

"inasmuch as Congress has not granted an entitlement to a jury trial under 42 U.S.C. § 4072 or any

other provision," the plaintiff in this case has no right to a jury trial. *Possessky v. NFIA*, 507 F. Supp.

913 (D.N.J. 1981). Accordingly, it is ORDERED

that Defendant's Motion to Quash Jury Demand (Document No. 7) is GRANTED, and

Plaintiff's demand for a jury trial (Document No. 1 at 3) is stricken.

Signed at Houston, Texas, this 30ᵗʰ day of June ___ ___, 2003.


FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 7

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

NADINE HANSON,

Plaintiff,

-vs-                                        Case No.  2:05-cv-118-FtM-29DNF

FEDERATED NATIONAL INSURANCE
COMPANY, FIDELITY NATIONAL
PROPERTY & CASUALTY INSURANCE
COMPANY,

Defendants.

---

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| MOTION: | MOTION TO QUASH JURY DEMAND (Doc. No. 19) |
| FILED: | October 7, 2005 |
| THEREON it is ORDERED that the motion is GRANTED. | |

The Plaintiff, Nadine Hanson (Hanson) filed a Complaint in the Circuit Court of the Twentieth

Judicial Circuit in and for Lee County, Florida, alleging that her home sustained damage as a result

of wind, water and flood damage. The case was removed to federal court on March 17, 2005.  Hanson

claims that her home is insured under a policy of insurance issued by the Federated National Insurance

Company (FNIC) and Fidelity National Property and Casualty Insurance Company (FNPAC) against

these types of damages.  Hanson notified both FNIC and FNPAC of the loss, however FNIC and

-1-

FNPAC failed and refused to pay benefits under their policies.  Hanson demanded a jury trial on all issues so triable.

FNPAC argues that Hanson is not entitled to a jury trial in this matter and the request for a jury trial should be stricken.  No response was filed to the Motion to Quash Jury Demand by Hanson. Congress established a flood insurance program to share the risks of flood losses through a program of insurance. See, 42 U.S.C. §4001(a)(b).  The terms of the implementation of the National Flood Insurance Program are found in 42 U.S.C. §4071.  The Director of the Federal Emergency Management Agency is entitled to make payment for any claims for approved losses covered by the flood insurance. 42 U.S.C. §4072.  In the event the Director of the Federal Emergency Management Agency disallows a claim or if the claimant refuses to accept the amount of the claim, the claimant is permitted to bring suit within one year.  *Id.*  The suit must be brought in the United States district court where the property is located, and original exclusive jurisdiction is conferred on the district court to hear and determine the action. *Id.*  Section 4072 does not provide for a jury trial.

A waiver of sovereign immunity must be strictly construed. *Latz v. Gallagher*, 562 F.Supp. 690, 693 (D.C. Mich. 1983).  "Inasmuch as 42 U.S.C. §4072 does *not* 'affirmatively and unambiguously' grant the Plaintiffs a right to a jury trial, the Court finds that the sovereign immunity of the United States precludes a jury trial in this action." *Yonker v. Guifrida*, 581 F.Supp. 1243, 1245-46 (D.C. W. Va. 1984), citing *Kolner v. Direct, Federal Emergency Management Agency*, 547 F.Supp. 828 (N.D. Ill. 1982).   Therefore, based upon the statute not containing a provision for a jury trial, the Court finds that pursuant to Fed.R.Civ.P. 39(a)(2), a right to jury trial on the issues raised in this action "does not exist under the Constitution or statutes of the United States," and the request for trial by jury is stricken.

-2-

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this __2nd__ day of November, 2005.

_Douglas N. Frazier_

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record

# EXHIBIT 8

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.01-5089-CIV-GRAHAM/GARBER

JAIME GUERRA and
TRINIDAD ARGUELIES,

    Plaintiff,

v.

UNION AMERICAN INSURANCE COMPANY,

    Defendant.

_____/



FILED by _____ D.C.

AUG 2 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## ORDER

    THIS CAUSE came before the Court upon Defendant's Rule 12(b)(6) Motion to Dismiss and Rule 12(f) Motion to Strike and Defendant's Motion to Quash Plaintiffs' Jury Demand.

    THE COURT has considered the motions, the pertinent portions of the record and is otherwise fully advised in the premises.

## BACKGROUND

    On October 3, 2000, Plaintiffs Jaime Guerra and Trinidad Arguelies ("Plaintiffs") suffered property damage due to flooding of their residence. The residence was insured with a Standard Flood Insurance Policy ("SFIP") provided by Defendant Union American Insurance Company ("Defendant"). Defendant is a Write-Your-Own ("WYO") Insurance Carrier, authorized to issue the federal SFIP in its own name.

    Plaintiffs submitted to Defendant estimates for repairs

1



construction and restoration due to losses incurred from the flood. Plaintiffs allege, however, that Defendant refused to settle their claims.

On December 20, 2001, Plaintiffs filed a Complaint against Defendant, alleging breach of the insurance policy. In addition, Plaintiffs requested prejudgement interest and attorney's fees pursuant to Florida Statute §627.428 and 42 U.S.C. §4001.

On June 24, 2002, Defendant moved to dismiss all of Plaintiffs' state law based remedies, including Plaintiffs' claims for prejudgement interest and attorney's fees. Defendant argues that all state law claims are preempted and barred by federal law. In addition, Defendant argues that Plaintiffs have no statutory basis for an award of attorney's fees. Defendant also moved to quash Plaintiffs' jury demand.

### DISCUSSION

#### I.  Motion to Dismiss and Motion to Strike

##### Standard of Review

A complaint should not be dismissed "for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); Bracewell v. Nicholson Air Services, Inc., 680 F. 2d 103, 104 (11th Cir. 1982).  In deciding a motion to dismiss, a court can only examine the four corners of the complaint. See Crowell v. Morgan

2

_Stanley Dean Witter Services, Co., Inc._, 87 F. Supp. 2d 1287 (S.D. Fla. 2000). Additionally, a court must accept a plaintiff's well-pled facts as true and construe the complaint in the light most favorable to plaintiff. _Scheuer v. Rhodes_, 416 U.S. 232 1974). The threshold of sufficiency that a complaint must meet is exceedingly low. _Ancata v. Prison Health Servs., Inc._, 769 F. 2d 700, 703 (11th Cir. 1985); _Geidel v. City of Bradenton Beach_, 56 F. Supp. 2d 1359, 1362 (M.D. Fla. 1999)

A motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure tests a complaint's adequacy to determine whether it sets forth any redundant, immaterial, impertinent, or scandalous matters. "A motion to strike is a drastic remedy[, " which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." _Augustus v. Board of Public Instruction of Escambia County_, 306 F.2d 862, 868 (5th Cir. 1962); _Poston v. American President Lines Ltd._, 452 F.Supp. 568, 570 (S.D.Fla.1978). Further, when deciding a motion to strike, a court must accept the truthfulness of well-pleaded facts and "cannot consider matters beyond the pleadings." _Carlson Corp./Southeast v. School Board Of Seminole County_, 778 F.Supp. 518 (M.D.Fla.1991).

3

## The National Flood Insurance Program

Congress enacted the National Flood Insurance Program ("NFIA") "in order to make flood insurance available on reasonable terms and conditions to those in need of such protection." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 598 (4th Cir.2002) (citing 42 U.S.C. § 4001). Although the principal aim of NFIA is to protect property owners in flood prone areas from uninsured losses, there can be little doubt that Congress, in enacting NFIA, also expressed its concern for increasing federal flood relief expenditures. See Till v. Unifirst Fed. Sav. and Loan Ass'n, 653 F.2d 152 (5th Cir.1981) ("[T]he principal purpose in enacting [NFIA] was to reduce, by implementation of adequate land use controls and flood insurance, the massive burden on the federal fisc of the ever-increasing federal flood disaster assistance."). With these goals in mind, Congress determined that uniformity and consistency were integral components of a national flood insurance program. See 42 U.S.C. § 4001(c).

FEMA is the agency in charge of administering NFIA. See 42 U.S.C. § 4081(a). In doing so, FEMA established a comprehensive regulatory scheme--the NFIP--that sets forth the rights and obligations of both insureds and insurers under NFIA. See 44 C.F.R. Pts. 61-78 (2000). Under the NFIP, flood insurance may be issued directly by FEMA or through WYO companies, such as Defendant, who sell flood insurance under their own name with the federal

4

government acting as a guarantor. See Bleecker v. Std. Fire Ins. Co., 130 F.Supp.2d 726, 730 (E.D.N.C.2000). In either scenario the federal treasury pays all flood insurance claims exceeding the revenue earned by WYO companies from premium collection. See Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166 (3d Cir.1998). "Thus, claim payments on such policies are a direct charge on the United States Treasury." Battle, 288 F.3d at 600 (citing Newton v. Capital Assurance Co., 245 F.3d 1306, 1311 (11th Cir.2001)).

### Preemption

It is well settled that "[f]ederal law governs disputes over coverage arising under the National Flood Insurance Act of 1968." Hanover Bldg. Materials, Inc. v. Guiffrida, 748 F.2d 1011, 1013 (5th Cir. 1984). When disputes over coverage arise, such as in this case, "they are resolved under federal law 'by drawing upon standard insurance law principles.'" Id.(quoting West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978)). Accordingly, the Court must look to Federal law in determining the present motions.

### Attorney's Fees

In their Complaint, Plaintiffs seek attorney's fees pursuant to Florida Statute 627.428 and 42 U.S.C. §4001. Federal law does not allow the recovery of attorney's fees for claims relating to a SFIP. See West, 573 F.2d at 881; See also Friedman v. South Carolina Ins. Co., 855 F.Supp. 348 (M.D.Fla.1994) As such, it is

5

well established that individuals insured by private insurers under the NFIA are not entitled to attorney's fees. See West 573 F.2d at 881-82; Stapleton v. State Farm Fire and Cas. Co., 11 F.Supp.2d 1344, 1347 (M.D.Fla.1998); Friedman, 855 F.Supp. at 350-51; Durkin v. State Farm Mut. Ins. Co., 3 F.Supp.2d 724, 729 (E.D.La.1997). Consequently, Plaintiffs' request for attorney's fees must be dismissed.

### Prejudgement Interest

In Newton v. Capital Assurance Company, Inc., 245 F.3d 1306 (11th Cir. 2001), the Eleventh Circuit addressed whether a Plaintiff is entitled to an award of prejudgement interest against a WYO carrier and found that "prejudgment interest awards against WYO companies are direct charges on the public treasury forbidden by the no-interest rule." Id. at 1312. Accordingly, Plaintiffs claim for prejudgment interest must also be dismissed.

### II. Motion to Quash Jury Demand

As discussed above, the NFIP is implemented under 42 U.S.C. §§ 4071-4072. Newton, 245 F.3d at 1308. This statute does not "affirmatively and unambiguously" grant the parties a right to a jury trial. See Yonker v. Guifrida, 581 F.Supp. 1243, 1245 (D.W. Va. 1984); Kolner v. Dir. Fed. Emergency Mgmt. Agency, 547 F.Supp. 828, 830 (N.D. Ill. 1982); Latz v. Gallagher, 550 F.Supp. 257, 258 (W.D. Mich. 1982). This is because the sovereign immunity of the United States precludes jury trials in actions brought pursuant to

6

42 U.S.C. § 4072.  Yonker, 581 F.Supp. at 1245.  Accordingly,

Plaintiff is not entitled to a jury trial.

CONCLUSION

Based on the foregoing, it is,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and

Motion to Strike is GRANTED.  Plaintiff's claims for prejudgment

interest and attorneys fees are dismissed.  It is further,

ORDERED AND ADJUDGED that Defendant's Motion to Quash Jury

Demand is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day

of August, 2002.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  Magistrate Judge Garber
     Alan Craig Gold, Esq.
     J. Michael Pennekamp, Esq.

7

**EXHIBIT 9**

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 01-0827-CIV-MORENO

JULIO CHAVIANO,

       Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY
COMPANY,

       Defendant.

_____/

### ORDER GRANTING MOTION TO QUASH JURY DEMAND

THIS CAUSE came before the Court upon Defendant's Motion to Quash Jury Demand **(D.E. No. 74)**, filed on **March 15, 2002**.

THE COURT has considered the motion, to which no response was filed, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Plaintiff's claims implicate funds of the United States Treasury administered by Defendant under the National Flood Insurance Program, 42 U.S.C. §§ 4071-4072. Plaintiff's claims are therefore charges on the public treasury, amounting to a suit against the federal government itself. *Newton v. Capital Assurance Corp.*, 245 F.3d 1306, 1312 (11th Cir. 2001). A plaintiff bringing suit against the federal government has a right to trial by jury only where Congress has "affirmatively and unambiguously" granted that right by statute. *Lehman v. Nakshia*, 453 U.S. 156, 160 (1981). Congress has not done so here. Therefore, Plaintiff is not entitled to a jury trial. *See Yonker v. Guifrida*, 581 F. Supp. 1243, 1245 (D. W.Va. 1984); *Kolner v. Dir. Fed. Emergency Mgmt. Agency*, 547 F. Supp. 828, 830 (N.D. Ill. 1982); *Latz v. Gallagher*, 550

F. Supp. 257, 258 (W.D. Mich. 1982).


DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of April, 2002


_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

John G. Shiley, Esq.
**JOHN G. SHILEY, P.A.**
3225 Aviation Ave., Suite 600
Bayview Plaza
Coconut Grove, FL 33133

William S. Berk, Esq.
Melissa M. McMillian, Esq.
**ADORNO & ZEDER**
2601 S. Bayshore Dr., Ste. 1600
Miami, FL 33133

Lewis F. Collins, Jr., Esq.
Bayport Plaza
6200 Courtney Campbell Causeway
Tampa, FL 33607-5946

-2-

# EXHIBIT 10

_____

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   01-8087-CIV-ZLOCH

RUTH JONES,

       Plaintiff

vs.                                                    <u>OMNIBUS ORDER</u>

HARTFORD FIRE INSURANCE
COMPANY,

       Defendant.
_____/

    THIS MATTER is before the Court upon the Defendant, Hartford
Fire Insurance Company's Rule 12(b)(6), 12(c) and 12(f) Motion To
Dismiss State Law Claims (DE 21  and Motion To Quash Jury Demand
(DE 23).  The Court has carefully reviewed said Motions and the
entire court file and is otherwise fully advised in the premises.

    The Plaintiff, Ruth Jones, commenced the above-styled cause by
filing a Complaint (DE 1) against the Defendant, Hartford Fire
Insurance  Company,  alleging  that  the  Defendant  breached  an
insurance contract issued under the National Flood Insurance Act,
42 U.S.C. §§ 4001 <u>et</u> <u>seq</u>. In her Complaint (DE 1), the Plaintiff
seeks damages, including prejudgment interest, and makes a demand
for a jury trial.  In its Motion To Quash (DE 23), the Defendant
asserts that the Plaintiff is not entitled to a jury trial. In its
Motion To Dismiss (DE 21), the Defendant asserts that the prayer
for an award of prejudgment interest and all state law claims must



be dismissed because they are either barred or preempted.

## I.   JURISDICTION

At the outset, the Court notes that the Plaintiff has improperly pled subject matter jurisdiction.  The Plaintiff states that her claim is brought pursuant to 42 U.S.C. § 4053.  However, the Plaintiff's insurance policy is a federally subsidized Standard Flood Insurance Policy issued under the National Flood Insurance Program, which is currently implemented under 42 U.S.C. §§ 4071-4072.  Newton v. Capital Assurance Co., Inc., 245 F.3d 1306, 1308 (11th Cir. 2001).  42 U.S.C. § 4053 does not apply to the above-styled cause and cannot be the basis of this Court's jurisdiction. Id.   Nevertheless, under 28 U.S.C. § 1331 federal courts have federal question jurisdiction over suits in which a plaintiff's well-pleaded complaint establishes that federal law creates the cause of action.   Id.   Here, the Plaintiff alleges breach of a Standard Flood Insurance Policy contract. Such contracts are interpreted under federal law.   Id. at 1309.   Therefore, the Plaintiff's Complaint (DE 1) establishes that her cause of action is created by federal law and this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.   Id.

## II.   MOTION TO QUASH JURY DEMAND

As noted above, the National Flood Insurance Program is

2

currently implemented under 42 U.S.C. §§ 4071-4072. <u>Newton</u>,

F.3d at 1308.    42 U.S.C. § 4072 does not "affirmatively

unambiguously" grant the Plaintiff the right to a jury trial

<u>Yonker v. Guifrida</u>, 581 F.Supp. 1243, 1245 (D.W.Va. 1984); <u>Kolner

v. Dir., Fed. Emergency Mgmt. Agency</u>, 547 F.Supp. 828,

(N.D.Ill. 1982); <u>Latz v. Gallagher</u>, 550 F.Supp. 257, 258 (W.D.Mich.

1982).  This is so because the sovereign immunity of the United

States precludes jury trials in actions brought pursuant to 42

U.S.C. § 4072.  <u>Yonker</u>, 581 F.Supp. at 1245.  Therefore, the Court

concludes that the Plaintiff, Ruth Jones, is not entitled to a jury

trial

### III:   <u>MOTION TO DISMISS</u>

Next, the Court notes that only a generalized statement of

facts needs to be set out to comply with the liberal Federal Rules

of pleading.  A classic formulation of the test often applied to

determine the sufficiency of a complaint was set out by the United

States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46

(1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we
> follow . . . the accepted rule that a Complaint should
> not be dismissed for failure to state a claim unless it
> appears beyond doubt that the plaintiff can prove no set
> of facts in support of his claim which would entitle him
> to relief.

The Court adds that a complaint may not be dismissed because

3

the plaintiff's claim does not support the legal theory he or she relies upon since the Court must determine if the allegations provide relief on any possible theory. Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967).

Here, the Court notes that prejudgment interest awards against companies such as Hartford Fire Insurance Company, which are known as "Write Your Own" companies under the National Flood Insurance Act, are forbidden. Newton, 245 F.3d at 1312. The reason such awards are barred is because they are essentially direct charges on the public treasury which are forbidden by the no-interest rule. Id. Therefore, the Court concludes that the Plaintiff can prove no set of facts in support of her claim for an award of prejudgment interest. Conley, 335 U.S. at 45-46.

Finally, the Court notes that the Defendant has moved to dismiss all of the Plaintiff's state law claims. Upon review of the Plaintiff's Complaint (DE 1), the Court notes that no state law claims are alleged.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The Defendant's Motion To Dismiss (DE 21 be and the same is hereby GRANTED to the extent that the Plaintiff's prayer for an award of prejudgment interest (DE 1 is hereby DISMISSED with

4

· prejudice;

    2.    To the extent the Defendant's Motion To Dismiss (DE 21) seeks to dismiss the Plaintiff's state law claims, said Motion is **DENIED**; and

    3. The Defendant's Motion To Quash Jury Demand (DE 23) be and the same is hereby **GRANTED**.

    DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida this ___25th___ day of January, 2002.

                    WILLIAM J. ZLOCH
                    Chief United States District Judge

Copies furnished:

Thomas E. Kingcade, Esq.
For Plaintiff

Rory Eric Jurman, Esq.
For Defendant

# EXHIBIT 11

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INGO H. DERE and DONNA M. DERE,

Plaintiffs,

-vs-

Case No. 6:98-cv-1408-22C

BANKERS INSURANCE COMPANY, a
Florida corporation, and HARTFORD
CASUALTY INSURANCE COMPANY, a
foreign corporation,

Defendants.

_____

## ORDER

Upon the Court's review of this case, it is ORDERED as follows:

1    Defendant Bankers Insurance Company's Motion to Quash Plaintiff's Jury Demand (Doc.
46), filed May 19, 2000, is DENIED for failure to comply with Local Rule 3.01(g).

2.    *Sua sponte,* pursuant to Fed. R. Civ. P. 39(a)(2), the Court determines that Plaintiffs do not
have a right to a jury trial on their claims against Bankers Insurance Company. *See Latz v. Gallagher,*
562 F. Supp. 690, 693 (W.D. Mich. 1983). The Court declines Plaintiffs' request to submit those
claims to an advisory jury. *Id.* Accordingly, the claims against Bankers will be tried to the Court, and
the claims against co-Defendant Hartford Casualty Insurance Company will by tried to a jury.

3    Within eleven (11) days, Plaintiffs shall file and serve proposed findings of fact and
conclusions of law, and a trial brief.[1]

_____

[1] Bankers has already filed these materials.

-1-

DONE and ORDERED in Orlando, Florida on this _____ day of June, 2000

ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

Copies furnished to

Counsel of Record
Unrepresented Parties

-2-

# EXHIBIT 12

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO QUASH JURY DEMAND

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY E. NUTT,

    Plaintiff,

    v.                                    CASE NO. 3:96cv549/RV

BANKERS INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER

Pending is the defendant's motion to quash plaintiff's demand for jury trial (doc. 174)

### BACKGROUND

This is an action for breach of contract and estoppel, arising from defendant Bankers Insurance Co.'s ["Bankers"] denial of flood insurance coverage to certain personal property loss and real property damage claimed by plaintiff under the terms of a standard flood insurance policy ["SFIP"] issued by Bankers (a "Write Your Own" ["WYO"] insurer under the National Flood Insurance Act ["NFIA"]. At issue is whether

---

[1]Rule 39(a)(2), _Federal Rules of Civil Procedure_ provides:

> When trial by jury has been demanded . . ., the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless . . . . the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

the plaintiff is entitled to a jury trial on his claims

The plaintiff's flood insurance policy was issued under the National Flood Insurance Program ["NFIP"], which was established by the National Flood Insurance Act of 1968 [42 U.S.C. §§ 4001-4129] The NFIP was established by Congress in order to make "flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection," and to discourage the construction of new structures in flood prone areas." 42 U.S.C. § 4001(a)

Historically, there are two distinct parts to NFIA. Originally, under Part A of the NFIA, a group of 132 private insurance companies shared the financial risk of flood insurance losses with the United States Department of Housing and Urban Development ["HUD"]. The group of private insurers provided the risk capital, sold the insurance, and paid claims. HUD made payments to the group of insurers to subsidize premium rates

Eventually, the private insurers began to disagree with HUD over the operation of the insurance program, and most declined to participate further. HUD determined that the program required the federal government to assume responsibility for the operation of the program. As a result, Part B of the NFIA was enacted, and in 1978, pursuant to congressional authority, the Federal Emergency Management Agency ["FEMA"] assumed managerial responsibility for the operation of the NFIP. FEMA took full control of the payment or disallowance of all flood insurance claims, and created the National Flood Insurance Fund in the Treasury of the United States to pay claims and administrative expenses. See 42 U.S.C. § 4017(a), (d). This case concerns only Part B of NFIA.

In 1983 FEMA created the WYO program to assist it in marketing flood insurance through the "facilities of the federal government." See 42 U.S.C §§ 4081(a), 4071. Under this program, private sector property insurers write their own flood insurance policies. 44 C.F.R. § 62.23. The federal regulations set out the applicable coverage limits, and require the WYO companies to use the SFIP, unless expressly authorized by the Federal Insurance Administrator to do otherwise. 44

C.F.R. § 62.23(c) After writing policies, the WYO insurers must remit the insuranc premiums to the Flood Insurance Administration ("FIA"); however, the WYO companies may keep funds required to meet current expenditures. See 44 C.F.R. Pt. 62, App. A., Art. VII(B). The remitted funds are placed in the National Flood Insurance Fund. When WYO companies exhaust their net premium income, they submit letters of credit to FEMA for the balance owing on the claims. See 44 C.F.R. Pt. 62, App. A, Art. IV(A). Although WYO insurers have the responsibility of defending against claims, FEMA recognizes the defense costs as part of the WYO's expense allowance. 44 C.F.R. § 62.23(i)(6).

WYO companies are not general agents of the federal government, and "are solely responsible for their obligations to their insureds under any flood insurance policies. . . ." See 44 C.F.R. § 62.63(g). However, WYO companies are "fiscal agents" of the United States. 42 U.S.C. § 4071(a)(1)(authorizing FEMA director to utilize insurance companies as "fiscal agents of the United States").

II. ANALYSIS

Defendant maintains that plaintiff is not entitled to a jury trial on his claims because the NFIA does not allow jury trials against WYO carriers. Plaintiff responds that because he is suing a private WYO carrier and not a federal agency, he is entitled to a jury trial.

Under Part A of the NFIA, a plaintiff was entitled to a jury trial in actions brought against the group of 132 private insurers, because the group was "essentially a private insurer," and an action against it was not an action against the federal government. See, e.g., Kolner v. Director, Federal Emergency Management Agency, 547 F.Supp. 828, 830 (N.D. III. 1982). Of course, no federal funds were involved under the Part A flood insurance. Federal funds are involved under Part B.

Moreover, while Part B of the NFIA explicitly provides that unsatisfied plaintiffs may bring an action against FEMA or its director, it does not expressly provide for a cause of action against the insurance companies, agents, or adjustors that act as "fiscal agents" of the United States. The failure to explicitly allow a cause of action

3

against the private insurance entities evidences an intent on the part of Congress to hold only FEMA which is ultimately responsible for the adjustment and payment of claims under the program, legally responsible for the wrongful denial of a claim.

All the district courts that have considered this matter and reported their opinions have concluded that there is no right to a jury trial on a NFIA (Part B) claim. See Yonker v. Guifrida, 581 F.Supp. 1243, 1245 (D.W.Va. 1984). ("Inasmuch as 42 U.S.C. § 4072 does not 'affirmatively and unambiguously' grant the Plaintiffs a right to a jury trial, the Court finds that the sovereign immunity of the United States precludes a jury trial in this action."); accord Kolner, supra, 547 F.Supp. 828; accord Latz v. Gallagher, 550 F.Supp. 257 (W.D. Mich. 1982).

Recently, the Ninth Circuit determined in an action brought against a WYO insurer, that "regardless of whether FEMA or a WYO company issues a flood insurance policy, funds from the Treasury of the United States pay off the insureds' claims," and, therefore, the Appropriations Clause applies. Flick v. Liberty Mut. Fire Ins. Co., ___ F.3d ___, 2000 WL 155899 (9th Cir. Feb 15, 2000). Thus, "[b]ecause flood losses, whether insured by FEMA or by a participating WYO insurer, are paid out of the National Flood Insurance Fund, a claimant under a standard flood insurance policy must comply strictly with the terms and conditions that Congress has established for payment." Id. at *7 (citing U.S. Const. art. I, § 9, cl. 7 (stating that funds may be drawn from the Treasury only by act of law). Therefore, in this case, because plaintiff is suing to collect federal Treasury funds, and there is no statute explicitly conferring a right to jury trial, the presumption must be that the plaintiff is not entitled to trial by jury.

This is also the rationale adopted by the Third Circuit in Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161 (3rd Cir. 1998):

> For several reasons, a suit against a WYO company is the functional equivalent of a suit against FEMA. First, a WYO company is a fiscal agent of the United States. 42 U.S.C. § 4071(a)(1). Second, FEMA regulations require a WYO company to defend claims but assure that FEMA will reimburse the WYO

4

company for defense costs. 44 C.F.R. § 62.23(i)(6). Third, an insured's flood insurance claims are ultimately paid by FEMA. . . . Although a WYO company collects premiums and disburses claims, only FEMA bears the risk under the flood insurance program. Thus, a lawsuit against a WYO company is, in reality, a suit against FEMA.

163 F.3d at 166.

Thus, because an action against a WYO is an action against FEMA, and because there is no right to trial by jury in an action against FEMA, plaintiff is not entitled to trial by jury in this case against the WYO insurer.

Plaintiff argues that I should consider the Fifth Circuit's opinion in Spence v. Omaha Indemnity Insurance Co., 996 F.2d 793 (5th Cir. 1993). In Spence, the Fifth Circuit held that while the statute of limitations set out in the NFIA would apply to the plaintiffs' breach of contract claim, the state statute of limitations would apply to the plaintiffs' fraud claims (which were based on alleged misrepresentations made by the defendant WYO insurer). However, the fraud claims addressed in Spence are unlike the plaintiff's contract claim in this case because the WYO in Spence would have had to cover any damages for fraud out of its own pocket, while the parties agree that any damages recovered by Dr. Nutt in this case will be paid out of the National Flood Insurance Fund

Thus, the plaintiff is not entitled to a trial by jury.[2] Defendant's motion to quash (doc. 174) is GRANTED.

---

[2] Dr. Nutt's promissory estoppel claim, if allowed to proceed, would not be triable by jury because it is equitable in nature. See Merex A.G. v. Fairchild Weston Systems, Inc., 29 F.3d 821 (2nd Cir. 1994). Although situations may be presented where an estoppel claim may share equitable and legal characteristics, the doctrine of estoppel is an equitable doctrine. Doll v. Grand Union Co., 925 F.2d 1363, 1371 (11th Cir. 1991)(referring to the "equitable doctrine of promissory estoppel ."); see also Nimrod Mktg. (Overseas) Ltd. v. Texas Energy Inv. Corp., 769 F.2d 1076, 1080 (5th Cir.1985) ("Promissory estoppel is an equitable form of action in which equitable rights alone are recognized. Defendants had no right to trial by jury. . . .") Keado v. United States, 853 F.2d 1209, 1218 (5th Cir. 1988)("Estoppel is an equitable form of action and only equitable rights are recognized.").

5

DONE AND ORDERED this _2A_ day of March, 2000.

ROGER VINSON
Chief United States District Judge

6