# EXHIBIT 7

_____

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS STATE LAW CLAIMS

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

JAN 0 6 2004

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

MARY BROWN,                        §
                                   §
        Plaintiff,                 §
                                   §
VS.                                §   CIVIL ACTION NO. SA-03-CA-721-FB
                                   §
OMAHA PROPERTY AND CASUALTY        §
INSURANCE CO. and ROBERT BROOKS,   §
                                   §
        Defendants.                §

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of the United States Magistrate filed in the above-captioned cause on December 5, 2003 (docket #34). According to the docket sheet, the Report and Recommendation was sent by facsimile transmission to the plaintiff and defendant Omaha Property and Casualty Insurance Co. on December 8, 2003, and defendant Robert Brooks acknowledged receipt of the Report and Recommendation on December 13, 2003. No objections to the Report and Recommendation have been filed.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). The Recommendation of the

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). Service upon a party must be made by mailing a copy to the party's last known address. FED. R. CIV. P. 5(b). "Service by mail is complete upon mailing." Id.

35✓

01-08-04    12:44    From-jones,kurth,&andrews    +2103664301    T-805    P.004/004    F-851

Magistrate Judge shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that defendant Omaha Property and Casualty Insurance Company's motion to dismiss and for judgment on the pleadings (docket #11) should be GRANTED and plaintiff's state law extra-contractual causes of action under the Texas Insurance Code, under the DTPA, for breach of the duty of good faith and fair dealing, and for negligent misrepresentation and/or fraud and request for damages, exemplary damages, attorney's fees, and pre- and post-judgment interest pursuant to Texas law should be DISMISSED WITH PREJUDICE.

Accordingly, it is hereby ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on December 5, 2003 (docket #34), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that defendant Omaha Property and Casualty Insurance Company's motion to dismiss and for judgment on the pleadings (docket #11) is GRANTED and plaintiff's state law extra-contractual causes of action under the Texas Insurance Code, under the DTPA, for breach of the duty of good faith and fair dealing, and for negligent misrepresentation and/or fraud and request for damages, exemplary damages, attorney's fees, and pre- and post-judgment interest pursuant to Texas law are DISMISSED WITH PREJUDICE. As set forth in the Recommendation, the only cause of action that remains pending against defendant Omaha Property and Casualty Insurance Company is plaintiff's claim for breach of the SFIP as well as the claims asserted against defendant Brooks which were not the subject of the instant motions.

It is so ORDERED.

SIGNED this 6 day of January, 2004.

FRED BIERY
UNITED STATES DISTRICT JUDGE

-2-

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| MARY BROWN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| OMAHA PROPERTY AND | § |
| CASUALTY INSURANCE CO. | § |
| and ROBERT BROOKS, | § |
| | § |
| Defendants. | § |

CIVIL  ACTION  NO.  SA-03-CA-721-FB

COPY

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    Honorable Fred Biery
       United States District Judge

Pursuant to the Order of referral of the above-styled and numbered cause to the undersigned United States Magistrate Judge,[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(I)(B) and rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges, Appendix C to the Local Rules for the Western District of Texas, the following report is submitted for your review and consideration.

## 1. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL HISTORY

This case was initiated on July 29, 2003, when plaintiff filed an original complaint alleging several causes of action relating to a claim for damages to plaintiff's home caused by

[1] Docket no. 8.

34.

12-10-03   15:58   From-jones,kurth,&andrews   +2103664301   T-248   P.003/018   F-264

flooding.[2] Plaintiff named Omaha Property and Casualty Insurance Company ("Omaha") and

insurance adjustor Robert Brooks ("Brooks") as defendants.[3] Plaintiff has alleged causes of

action for: breach of contract, violation of Article 21.55 of the Texas Insurance Code, violations

of §§ 17.46 and 17.50 of the Texas Deceptive Trade Practices Act ("DTPA"), unfair insurance

practices in violation of Article 21.21 of the Texas Insurance Code, breach of a common law duty

of good faith and fair dealing, and negligent misrepresentation and/or fraud.[4] Plaintiff is seeking

actual damages, additional damages pursuant to the DTPA and the Texas Insurance Code,

penalties payable under Article 21.55 of the Texas Insurance Code, exemplary damages,

attorney's fees, pre and post judgment interest, and costs.[5] On August 20, 2003, Omaha filed its

answer.[6] On August 28, 2003, Brooks filed his answer[7] and also his combined motions to

---

[2] Docket no. 1.

[3] Id. at 1.

[4] Id. at 3-7. Plaintiff's original complaint alleges specifically against Omaha, specifically against defendants collectively, and against "Omaha and Brooks." Based on these allegations the Court concludes that plaintiff has alleged causes of action against Omaha for breach of contract, violation of Article 21.55 of the Texas Insurance Code, violations of §§ 17.46 and 17.50 of the Texas Deceptive Trade Practices Act ("DTPA"), unfair insurance practices in violation of Article 21.21 of the Texas Insurance Code, breach of a common law duty of good faith and fair dealing, and negligent misrepresentation and/or fraud. Id. at 3-7. Plaintiff has sued Brooks for violations of the DTPA, unfair insurance practices, and negligent misrepresentation and/or fraud. Id. at 4-7. Plaintiff asserts that both "defendants have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff." Id. at 7.

[5] Id. at 7-8.

[6] Docket no. 2.

[7] Docket no. 7.

2

dismiss and to strike.[8]  On September 25, 2003, plaintiff filed her response to the combined

motions to dismiss and to strike,[9] and on September 30, 2003, the District Court denied the

combined motions.[10]

On September 16, 2003, while the ruling on Brooks' motions was pending, Omaha filed

its combined motion to dismiss pursuant to Rule 12(b)(6) and for judgment on the pleadings

pursuant to 12(c) of the Federal Rules of Civil Procedure.[11]  Omaha argues that plaintiff's state-

law extra-contractual claims for violations of the DTPA and the Texas Insurance Code, breach of

a duty of good faith and fair dealing, and negligent misrepresentation and/or fraud as well as

plaintiff's prayer for relief should be dismissed because such claims and requests for relief are

preempted and barred by federal law.[12]  On October 29, 2003, plaintiff filed her response to

Omaha's motion to dismiss,[13] and on November 7, 2003, Omaha filed a reply in support of its

motion.[14]

## III. FACTUAL BACKGROUND

As discussed in greater detail below, when considering motions under Rule 12(b)(6) or

---

[8]  Docket no. 6.

[9]  Docket no. 14.

[10]  Docket no. 15.

[11]  Docket no. 11.

[12]  Id. at 1 ("respectfully requests this Honorable Court dismiss all state-law based extra-contractual claims against Omaha found in Plaintiff's Complaint, as enumerated in Plaintiff's Complaint, paragraphs 11-16, 18, 19, 20, and 21, and the prayer for relief following Paragraph 22").

[13]  Docket no. 25.

[14]  Docket no. 27.

12-10-03    15:58    From-jones,kurth,&andrews    +2103664301    T-248    P.005/018    F-264

Rule 12(c), the Court is required to construe as true the factual allegations in plaintiff's complaint. Thus, after reviewing plaintiff's complaint in the spirit of Rule 12(b)(6) and Rule 12(c), the Court sets forth the following narration of facts which are to be taken as true and construed favorably to plaintiff when determining if a claim for relief has been stated:

Plaintiff, Mary Brown's Seguin, Texas residence sustained water damage caused by flooding.[15] On or about July 5, 2002, plaintiff reported the damage to defendant Omaha from whom she had purchased flood insurance for many years. The insurance policy provided that plaintiff's home was insured against damage and physical loss caused by flooding. Omaha hired defendant Robert Brooks, an independent adjuster, to conduct an investigation of plaintiff's flood claim. After conducting an inspection, Brooks estimated plaintiff's damages at approximately $45,000. But, on or about July 29, 2002, Brooks prepared paper work showing that plaintiff's damages were $31,117.88. Omaha and Brooks completed a proof of loss for plaintiff using Brooks' lower damage figure and informed plaintiff she would have to file it "as is" or she would have no claim. Plaintiff signed and timely submitted the proof of loss. Plaintiff was not informed that she could independently ascertain the amount of the damages and submit her estimate along with the proof of loss. Plaintiff subsequently hired a loss consultant who found discrepancies in Brooks' estimate. Such discrepancies included failing to estimate the cost of removing damaged grouting, installing new grouting, and replacing electrical switches, wiring, and plugs that had been submerged for over seventy-two hours. Plaintiff's loss consultant estimated plaintiff's damages at $61,715.95. Plaintiff submitted the new estimate to Omaha on or about October 22, 2002. Omaha has refused to pay for the repair of plaintiff's property.

---

[15] Docket no. 1 at 2-3. All facts are taken from plaintiff's original complaint.

4

Plaintiff is paying fees to store some furniture.

## IV. ISSUE PRESENTED

Whether plaintiff's state-law extra-contractual claims are preempted by federal law.

## V. STANDARDS

A.    Rule 12 (b)(6) Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff must state a claim

upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of

law. A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[16]

When considering a motion to dismiss for failure to state a claim, "all factual allegations in the

complaint must be taken as true and construed favorably to the plaintiff."[17] The United States

Supreme Court has elaborated:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously
> insupportable. On the contrary, if as a matter of law "it is clear that no relief could be
> proved consistent with the allegations," Hishon, supra, 467 U.S. at 73, 104 S.Ct. at 2232,
> a claim must be dismissed, without regard to whether it is based on an outlandish legal
> theory or on a close but ultimately unavailing one.[18]

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

---

[16] Kaiser Aluminum and Chemical Sales, Inc. v. Avondale, 677 F.2d 1045, 1050 (5th Cir.),
cert. denied, 459 U.S. 1105, 103 S.Ct. 729 (1982), quoted in Capital Parks, Inc. v. Southeastern
Advertising and Sales System, Inc., 864 F.Supp. 14, 15 (W.D. Tex. 1993), affirmed, 30 F.3d 627 (5th
Cir. 1994).

[17] Fernandez-Montez v. Allied Pilots Assoc., 987 F.2d 278 (5th Cir. 1993). See also Capital
Parks, Inc., 30 F.3d at 629 ("A court's decision to dismiss for failure to state a claim may be upheld
'only if it appears that no relief could be granted under any set of facts that could be proven
consistent with the allegations.' Baton Rouge Bldg. and Constr. Trades Council AFL-CIO v. Jacobs
Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986).") See also O'Quinn v. Manuel, 773 F.2d 605,
608 (5th Cir. 1985).

[18] Neitzke v. Williams, 490 U.S. 319, 327 (1989).

5

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[19]

Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss.[20] This is a rigorous standard, but subsumed within it is the

requirement that a plaintiff state its case with enough clarity to enable the court and the opposing

party to determine whether a claim is alleged.[21]

   In considering a motion to dismiss, the court generally will not consider matters outside

the pleadings.[22] But, a court may consider documents attached to a complaint as well as

documents referenced in the plaintiff's complaint if they are integral and central to a claim.[23] If

matters outside the complaint are presented and considered by the Court, the motion to dismiss

"shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

parties shall be given reasonable opportunity to present all material made pertinent to such a

motion by Rule 56."[24]

---

[19]   Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

[20]   Jefferson v. Lead Indust. Ass'n. Inc.,106 F.3d 1245, 1250 (5th Cir. 1997); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Fernandez-Montes, 987 F.2d at 284.

[21]   Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).

[22]   Scanlan v. Texas A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); and Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994)).

[23]   Scanlan, 343 F.3d at 536 (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

[24]   FED. R. CIV. P. 12(b); Carter v. Stanton, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234 (1972). The Court's July 9, 2003 Order acknowledged the possibility of a converted motion in the event defendants filed an amended motion to dismiss which included "specifically identified and uncontested matters outside of the pleadings." Docket no. 37 at 8. The parties have each presented

B.    **Rule 12(c) Standard**

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial. any party may move for judgment on the pleadings."[25] "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and answer," unless a counterclaim, cross-claim, or third-party claim is filed in the case.[26] This is true regardless of whether under a scheduling order, time remains to amend pleadings.[27] In the instant case a complaint and answer have been filed and no counterclaims, cross-claims, or third-party claims are at issue. Thus, for the purpose of Omaha's Rule 12(c) motion, pleadings are closed.

Rule 12(c) was "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[28] The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion.[29] Therefore, in considering a complaint, a court must accept as true

---

documents in support of their arguments which where not referenced in plaintiff's amended complaint.

[25]  FED. R. CIV. P. 12(c).

[26]  Nortel Networks Ltd. v. Kyocera Wireless Corp., No, Civ. A.3:02-CV-0032-D, 2002 WL 31114077, at * 1 n. 1 (N.D. Tex. Sept. 20, 2002) (quoting 5A Charles A Wright & Arthur R. Miller, Federal Practice & Procedures, § 1367 (1990)).

[27]  Id.

[28]  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (quoting Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)).

[29]  Great Plains Trust Co., 313 F.3d at 313 n. 8.

all well-pleaded facts, "viewing them in a light favorable to the plaintiff."[30] Unwarranted deductions of fact or conclusory allegations are not taken as true.[31] The court should not grant judgment on the pleadings unless "there are no disputed issues of fact and only questions of law remain."[32]

## VI. ARGUMENTS AND CONCLUSIONS OF LAW

Defendant Omaha has moved to dismiss or for judgment on the pleadings on plaintiff's extra-contractual state-law claims under the Texas Insurance Code, under the DTPA, for breach of a duty of good faith and fair dealing, and for fraud and negligent misrepresentation in handling claims, as well as on plaintiff's requests for punitive damages, attorney's fees, and pre and post judgment interest.[33] Omaha asserts that plaintiff has sued because Omaha has decided not to "pay further benefits under a U.S. Treasury-underwritten Standard Flood Insurance Policy ("SFIP")," which is a "federally regulated, U.S. Treasury underwritten National Flood Insurance Program ("NFIP") policy[.]"[34] Omaha contends the actual payor at risk is the U.S. Treasury and not Omaha, which is in a fiduciary position to the federal government.[35] Omaha argues that it is entitled to a dismissal of or to a judgment on plaintiff's extra-contractual state-law claims

---

[30] Id. at 312-13 (quoting Doe v. Hillsboro Indep. Sch. Dist., 81 F.3d 1395, 1401 (5th Cir. 1996)).

[31] Id. at 313.

[32] Id. at 312 (quoting Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001)).

[33] Docket no. 11 at 7-10.

[34] Id. at 2-3.

[35] Id. at 3.

8

because: (1) "Omaha is not permitted to adjust Plaintiff's NFIP claim in accordance with typical 'reasonableness' principles embodied in the various states' consumer protection laws because such state laws do not apply to the operation of the NFIP," and because Omaha is required to "'strictly construe and enforce'" the SFIP provisions during the claims adjustment period;[36] (2) Omaha has no incentive "to not pay a SFIP claimant anything other than top dollar" on a claim because Omaha, as a SFIP carrier, is "paid by the Federal Emergency Management Agency ("FEMA") on a sliding scale, such that the higher the claim payment, the more the carrier is paid;"[37] and (3) "all state-law based extra-contractual claims sought to be raised in the context of a SFIP claim are barred and preempted by federal law."[38] Citing the affidavit of Larry Dunbar, Manager of the Homeowners Division of the Texas Department of Insurance, Omaha asserts that "the State of Texas, through the Texas Department of Insurance, has admitted that the laws of the State of Texas do not govern the NFIP" or control the actions of write-your-own ("WYO") carriers such as Omaha.[39] Omaha concedes that plaintiff has a right to sue for additional benefits under the SFIP but argues that "Plaintiff clearly may not cajole the U.S. Government's 'fiduciary' and 'fiscal agent' into releasing federal funds by threatening the fiscal agent with state-law based extra-contractual claims."[40] Omaha asks the Court to take judicial notice of the SFIP which is published in its entirety in the 2001 version of the Code of Federal Regulations at

---

[36] Id.

[37] Id. (emphasis in original).

[38] Id. at 4 (emphasis in original).

[39] Id.

[40] Id. (emphasis in original).

9

44 C.F.R. Part 61, Appendix A(1).[41]

In response, plaintiff argues that under Fifth Circuit case law, her claims for fraud and negligent misrepresentation are not preempted.[42] Plaintiff also argues that federal preemption should not bar her claim under Article 21.55 of the Texas Insurance Code because it is part of her breach of contract claim which is not barred.[43] Plaintiff does not dispute that the insurance policy at issue is a SFIP, which is subject to regulation by the federal government or offer any argument against dismissal of or judgment on her claims under Article 21.21 of the Insurance Code, under the DTPA, for breach of a duty of good faith and fair dealing or her requests for attorney's fees, punitive damages, and pre and post judgment interest. Plaintiff has not provided a copy of the policy at issue, nor does she dispute that the relevant SFIP is the one published in the Code of Federal Regulations for the year 2001.

"The National Flood Insurance Act of 1968 established a national flood insurance program that enables property owners to purchase insurance against flood risks at reasonable rates."[44] NFIA also offers mitigation measures to reduce the risk of loss in flood-prone areas and "requires participating communities to institute plain management ordinances to reduce the risk

---

[41] Id. at 6.

[42] Docket no. 25 at 2.

[43] Id.

[44] Hanover Bldg. Materials, Inc. v. Guiffrida, 748 F.2d 1011, 1012 (5th Cir. 1984) (quoted in Jamal v. Travelers Lloyds of Tex. Ins. Co., 129 F.Supp.2d 1024, 1027 (S.D. Tex. 2001)); West v. Harris, 573 F.2d 873, 880 (5th Cir. 1978), cert. denied, 440 U.S. 946, 99 S.Ct. 1424 (1979).

12-10-03    16:00    From-jones,kurth,&andrews    +2103664301    T-248  P.012/018  F-264

of loss due to flooding."[45] FEMA operates the NFIP and is authorized by statute to disallow

claims and to control payments.[46] "The Act authorizes the Director of [FEMA] to 'provide by

regulation for general terms and conditions of insurability which shall be applicable to property

owners eligible for flood insurance coverage under [the Act].'"[47] The FEMA regulations

"establish the terms of the SFIP"[48] and provide "for marketing and claims adjustment by private

insurers operating has WYO companies," which issue SFIPs in their own names.[49] SFIPs may

also be purchased directly from FEMA.[50] By statute, a WYO company is a fiscal agent of the

United States.[51] Because FEMA bears the ultimate risk under the NFIP, a lawsuit against a

WYO company is the functional equivalent of a suit against FEMA."[52]

> The terms and conditions of all federal flood insurance policies, . . . are fixed by
> FEMA. Policies must be issued in the form of a [SFIP] and no provision of the
> policy can be altered, varied, or waived without the express written consent of the
> Federal Insurance Administrator.[53]

The SFIP for 2001 includes the following provision:

---

[45] Jamal, 129 F.Supp.2d at 1027-28 (citing 42 U.S.C. §§ 4001(c), 4002(b), 4022(b), 4102, and Till v. Unifirst Fed. Sav. & Loan Ass'n, 653 F.2d 152, 156-57 (5th Cir. 1981)).

[46] Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998); Jamal, 129 F.Supp.2d at 1028.

[47] Hanover Bldg. Materials, Inc., 748 F.2d at 1012 (quoting 42 U.S.C. § 4013(a)).

[48] Spence v. Omaha Indem. Ins. Co., 996 F.2d 793, 795 (5th Cir. 1993.

[49] Id. at 794 n. 1 (citing 44 C.F.R. §§ 61.13(f), 62.23(a)).

[50] Gowland, 143 F.3d at 953; see also 44 C.F.R. § 62.3(c).

[51] Gowland, 143 F.3d at 953.

[52] Gibson v. American Bankers Ins. Co., 289 F.3d 943, 947 (6th Cir. 2002) (quoting Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166-67 (3rd Cir. 1998)).

[53] 44 C.F.R. §§ 61.4(b), 61.13(d).

IX. What Law Governs

This policy and all disputes arising from the handling of an claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law.[54]

In promulgating this provision, FEMA explained:

[SFIP]s are sold by a number of private [WYO] insurance companies and directly to the public by the Federal Insurance Administration. . . . The Administrator intends that the same benefits should be available to insureds wherever the insured property is located, or whether the policy is purchased from a WYO insurance company or for the Federal Government. Thus, there is a need for uniformity in the interpretation of and standards applicable to the policies and their administration. Therefore, we have clarified the policy language pertaining to jurisdiction, venue, and applicable law to emphasize that matters pertaining to the [SFIP], including issues relating to and arising out of claims handling, must be heard in Federal Court and are governed exclusively by Federal law.[55]

Courts considering the inclusion of Article IX in the SFIP have concluded that the provision expressly preempts state-law claims for federal flood insurance disputes.[56]

---

[54] 44 C.F.R. pt. 61, app. A(1), art. IX (2001). Article IX became effective on December 31, 2001. See Richmond Printing LLC v. Director Fed. Emergency Management Agency, 72 Fed. App. 92, 2003 WL 21697457, at ** 2 (5th Cir. July 21, 2003) (unpublished opinion).

[55] 65 Fed. Reg. 34826-34927 (2000).

[56] Peal v. North Carolina Farm Bureau Mut. Ins. Co., Inc., 212 F.Supp.2d 508, 514 (E.D. N.C. 2002) (noting Article IX was effective Dec. 31, 2000 and holding that "[b]ecause the plaintiff's policy was issued prior to December 31, 2000, the expanded breadth of the express preemption clause in not applicable in this dispute"); Scherz v. South Carolina Ins. Co., 112 F.Supp.2d 1000, 1004 (C.D. Cal. 2000) (discussing proposal to include Article IX in SFIP and stating "[t]his proposed change, if eventually adopted as an agency regulation and incorporated into future SFIPs, will expressly preempt state-law claims such as Scherz's implied covenant claim"); see also Gibson, 289 F.3d at 955 n. 5 (Moore, J. concurring in part and dissenting in part) ("FEMA promulgated this new regulation with the clear intent of preempting state-law claims."); Richmond Printing, 72 Fed. App. 92, 2003 WL 21697457, at ** 2 (noting inclusion of Article IX in SFIP as of December 31, 2000, and limiting discussion of preemption to claims which arose prior to that date); Eaker v. State Farm Fire & Casualty Ins. Co., 216 F.Supp.2d 606, 621 (S.D. Miss. 2001) (describing Article IX as clear and unambiguous).

12

Plaintiff has alleged that Omaha: (1) unreasonably delayed "the investigation, adjustment, and resolution of plaintiff's claim,"[57] failed to pay for repairs to plaintiff's property,[58] "failed to look for coverage and give plaintiff the benefit of the doubt,"[59] misrepresented and/or failed to disclose regarding the policy, adjustments, and proof of loss, and breached an express warranty of coverage, all in violation of the DTPA; (2) engaged in unfair and deceptive insurance practices involving the investigation, adjustment, and settlement of plaintiff's claim, in violation of Article 21.21 of the Texas Insurance Code; and (3) breached a common law duty of good faith and fair dealing by providing plaintiff with a low estimate of her damages without a reasonable investigation and by delaying and failing to settle plaintiff's claim.[60] Even taking these allegations as true and construing them favorably to plaintiff, she has failed to state a claim for relief. In light of Article IX of the 2001 SFIP and plaintiff's apparent concession of federal preemption by failing to argue or cite authority showing that these causes were not preempted by federal law, the Court concludes plaintiff's causes of action under the DTPA, Article 21.21 of the Texas Insurance Code, and for breach of a duty of good faith and fair dealing arise out of the handling of plaintiff's claim such that they are preempted by federal law and should be dismissed.

Plaintiff also alleged a state-law claim based on Omaha's failure to comply with a time frame established by Article 21.55 of the Texas Insurance Code for handling claims and a claim

---

[57] Id. at 4.

[58] Id.

[59] Id.

[60] Id. at 4-6.

for negligent misrepresentation and/or fraud in regard to the proof of loss required for plaintiff's claim.[61] Although plaintiff cited Till v. Unifirst Federal Savings and Loan Association[62] and Lusk v. Puryear,[63] as authority to support her argument that these claims are not preempted by federal law,[64] the cited cases lend little authority for plaintiff's arguments given the addition of Article IX to the SFIP after the cases were decided.  In addition, Lusk, which involved coverage under an automobile policy governed by the Texas Insurance Code,[65] did not consider the issue of whether a cause under 21.55 was part of a claim based on a federal insurance policy or was preempted by federal law.  Thus, plaintiff has cited no authority for the argument that a Texas law, such as Article 21.55, can impose a mandatory time frame for handling claims on insurers offering federal flood insurance, nor can it, given that federal law controls the SFIP.  As for plaintiff's negligent misrepresentation and/or fraud claim, that cause of action arises out of the handling of plaintiff's flood damage claim, and, under Article IX of the SFIP, is clearly preempted by federal law.

In sum, plaintiff's state-law extra-contractual causes of action under the Texas Insurance Code, under the DTPA, for breach of a duty of good faith and fair dealing, and for negligent misrepresentation and/or fraud fail to state claims for relief because they are preempted by

---

[61]  Id. at 3, 6.

[62]  653 F.2d 152 (5th Cir. 1981) (vacating dismissal of state-law claims for fraud and negligence and directing remand to state court).

[63]  896 S.W.2d 377 (Tex. App.–Amarillo 1995, no writ) (cause of action under Article 21.55 is not separate from claim of breach of automobile insurance policy).

[64]  Docket no. 25 at 2.

[65]  896 S.W.2d at 378-79.

14

federal law. Because plaintiff's state-law claims are preempted, she is not entitled to recover damages under Articles 21.21 and 21.55 of the Texas Insurance Code, exemplary damages under Chapter 41 the Texas Civil Practice and Remedies Code, or attorney's fees and pre and post judgment interest pursuant to any Texas law. Accordingly, Omaha's combined motions to dismiss pursuant to Rule 12(b)(6) and for judgment on the pleadings under Rule 12(c) should be granted and plaintiff's state-law extra-contractual causes of action under the Texas Insurance Code, under the DTPA, for breach of a duty of good faith and fair dealing, and for negligent misrepresentation and/or fraud and request for damages, exemplary damages, attorney's fees, and pre and post judgment interest pursuant to Texas law should be dismissed.

## VII. RECOMMENDATION

Based on the foregoing, the Court recommends that Omaha's motion to dismiss and for judgment on the pleadings[66] should be GRANTED and plaintiff's state-law extra-contractual causes of action under the Texas Insurance Code, under the DTPA, for breach of a duty of good faith and fair dealing, and for negligent misrepresentation and/or fraud and request for damages, exemplary damages, attorney's fees, and pre and post judgment interest pursuant to Texas law should be DISMISSED with prejudice. Based on this recommendation, the only cause of action that would remain pending in the case against Omaha is plaintiff's claim for breach of the SFIP; all asserted claims against Brooks also remain pending, as they were not the subject of the instant motions.[67]

---

[66] Docket no. 11.

[67] See note 4.

## VIII. INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on each and every party either (1) by certified mail, return receipt requested, or (2) by facsimile if authorization to do so is on file with the Clerk. According to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this report must serve and file written objections to the Report and Recommendation within 10 days after being served with a copy unless this time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the District Court.[68] Additionally, any failure to file written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

---

[68] See Thomas v. Am, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985).

16

12-11-03    08:46    From-jones,kurth,&andrews    +2103664301    T-263  P.001/001  F-278

by the District Court.[69]

ORDERED, SIGNED AND ENTERED this 5 day of December, 2003.

Pamela A. Mathy
United States Magistrate Judge

---

[69] Acuna v. Brown & Root Inc., 200 F.3d 335, 340 (5th Cir. 2000); Douglass v. United Serv. Auto. Ass'n., 79 F.3d 1415, 1428 (5th Cir. 1996).

17

**EXHIBIT 8**

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS STATE LAW CLAIMS

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA** 04 JUL 12 AM II: 16
**SOUTHERN DIVISION**

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| FRANKLIN D. HAYES and JUDY HAYES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 03-JEO-3343-S ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

ENTERED

JUL 1 2 2004

## MEMORANDUM OF OPINION

The court has considered the entire file in this action together with the Magistrate Judge's

Report and Recommendation and has reached an independent conclusion that the Magistrate Judge's

Report and Recommendation (doc. 19) is due to be adopted and approved. The court hereby adopts

and approves the findings and recommendation of the magistrate judge as the findings and

conclusions of the court. In accord with the recommendation, the plaintiffs' state law claim of bad

faith failure to pay and the claims for extra-contractual damages, including consequential damages,

punitive damages, and interest are due to be dismissed with prejudice. An appropriate order will be

entered.

**DONE**, this _____ day of July, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

23

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUL 12 AM 11: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

FRANKLIN D. HAYES and JUDY        )
HAYES,                            )
                                  )
            Plaintiffs,           )
                                  )
v.                                )    CIVIL ACTION NO. 03-JEO-3343-S
                                  )
ALLSTATE INSURANCE COMPANY,       )
                                  )    **ENTERED**
            Defendant.            )
                                       JUL 12 2004

## ORDER

In accord with the Memorandum of Opinion entered contemporaneously herewith, it is

hereby **ORDERED** that the defendant's "Motion to Dismiss State Law Based Claims" (doc. 5) is

**GRANTED**. Accordingly, the state law claim of bad faith failure to pay and the claims for extra-

contractual damages, including consequential damages, punitive damages, and interest are hereby

**DISMISSED WITH PREJUDICE.**

DONE, this _____ day of July, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

24

FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

04 JUN 14 PM 3: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

FRANKLIN D. HAYES and )
JUDY HAYES, )
)
    Plaintiffs, )
)
v. )    CV 03-JEO-3343-S
)
ALLSTATE INSURANCE COMPANY, )
)
    Defendant. )

ENTERED

JUN 14 2004

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the motion of defendant Allstate Insurance Company ("Allstate" or "the defendant") to dismiss all of the plaintiffs' state law claims against it. (Doc. 5). The issues have been briefed by the parties. Upon consideration, the court finds that the motion is due to be granted.

### I. INTRODUCTION

Plaintiffs Franklin D. Hayes and Judy Hayes ("the plaintiffs") allege in their complaint that Allstate breached its contract of insurance with them by refusing to pay amounts due and to provide coverage as stipulated. (Doc. 1).[1] They also allege that the defendant acted in bad faith in refusing to pay their claims. (*Id.* at 3). They further request punitive damages, costs and interest. (*Id.*).

The plaintiffs specifically allege in their complaint that they applied for a home/flood insurance policy provided by the defendant to cover property they owned at 701 Westwood Drive, Warrior, Alabama in October 2002. (*Id.* at 1-2). Coverage become effective on October

---

[1] References herein in to "Doc. ___" are to the document numbers assigned by the Clerk of the Court and located in the lower right-hand corner of each document.

*19*

6, 2002, and all premiums were paid under the plan. (*Id.* at 2). On May 5, 2003, flooding caused damage to their home and personal property. (*Id.*). The complaint states that the plaintiffs notified Trammell L. Norris of Allstate of the flooding damage and were assigned a claim number. (*Id.*) A formal claim was made on August 26, 2003. (*Id.*). The plaintiffs further allege that the defendant refused to pay their claim on September 10, 2003. (*Id.*)

## II. STANDARD OF REVIEW

On a motion to dismiss, the court "must accept the allegations set forth in the complaint as true." *See United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc); *Lotierzo v. Woman's World Medical Center, Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). Similarly, it must construe all the factual allegations in the light most favorable to the plaintiff. *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991) (*citing Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1947)). Such a motion may be granted only "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)." *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998), *cert. denied*, 525 U.S. 1000, 119 S. Ct. 509, 142 L. Ed. 2d 422 (1998).

## III. DISCUSSION

The question presented by the present motion to dismiss is whether a claim properly premised upon a failure to pay on an insurance policy issued under the National Flood Insurance Program ("NFIP") preempts any state law claim for bad faith failure to pay and any claims for extra-contractual damages. The defendant asserts that the plaintiffs' claims for interest, penalties, attorneys' fees, and punitive damages are due to be dismissed. (Doc. 5 at 1). It

2

contends that the only proper claim is for breach of contract.

## A. Background

To best understand the pertinent issues, the plaintiffs' claims must be placed in proper context. To do so, one must examine the historical context for flood insurance. This history was succinctly stated in *Pecarovich v. Allstate Insurance Company*, 272 F. Supp. 2d 981 (C.D. Cal. 2003). The court noted as follows:

> In 1968, Congress passed the National Flood Insurance Act (the "NFIA") in order to guarantee that those who need affordable flood insurance can obtain it. The NFIA established the National Flood Insurance Program (the "NFIP"), which provides flood insurance in areas which have the greatest need. The NFIP is run by the Federal Emergency Management Agency ("FEMA"). Because FEMA lacks sufficient resources to administer the NFIP on its own, the Write Your Own ("WYO") program was created to allow private insurers to serve as fiscal agents of the United States and to issue federal flood policies. All flood claims are paid from the United States Treasury, regardless of whether the policy is issued by FEMA or by a WYO insurer. 44 C.F.R., Pt. 62, App. A Art. III(D)(1). The terms of the Standard Flood Insurance Policy ("SFIP") and the procedures for paying and handling claims are dictated by federal regulation to ensure consistency across the country. Under the WYO program, WYO insurers receive a 3.3% commission only if they approve a claim and authorize payment. 44 C.F.R., Pt. 62, App. A. Art. III(C)(1).

*Pecarovich*, 272 F. Supp. 2d at 986.

## B. The Bad Faith Claim

### 1. The Preemption Arguments

As noted above, the defendant contends that the plaintiffs' state law claims are preempted. The plaintiffs disagree.

"Federal preemption of state law exists when: (1) Congress expressly states that a certain enactment preempts state law ('express preemption'); (2) Congress regulates conduct in a field intended to be occupied exclusively by the Federal Government ('field preemption'); or (3) state

3

law actually conflicts with federal law ('conflict preemption'). *English v. General Elec. Co.*, 496

U.S. 72, 78-79 (1990)." *Studio Frames, Ltd. v. Village Ins. Agency, Inc.*, 2003 WL 1785802, *3

(M.D.N.C. March 31, 2003).

### a. Express preemption

Under the doctrine of express preemption, Congress may preempt a specific field or area

by explicitly stating such in a federal statute or regulation. The defendant asserts that is the

situation in this case. This court agrees.

Article IX of the relevant insurance policy provides as follows:

Article IX – What Law Governs

> This policy and all disputes arising from the handling of any claim
> under the policy are governed exclusively by the flood insurance
> regulations issued by FEMA, the National Flood Insurance Act of
> 1968, as amended (42 U.S.C. § 4001, *et seq.*) And Federal
> common law.[2]

In discussing this language, which became effective December 31, 2000, the court in *Brown v.*

*Omaha Property and Casualty Insurance Co.*, SA-03-CA-721-FB (N.D. Tx. December 5,

2003),[3] noted that FEMA explained as follows in promulgating the foregoing provision:

> [SFIP]s are sold by a number of private Write Your Own (WYO) insurance
> companies and directly to the public by the Federal Insurance Administration. . . .
> The Administrator intends that the same benefits should be available to insureds
> wherever the insured property is located, or whether the policy is purchased from
> a WYO insurance company or from the Federal Government. Thus, there is a need
> for uniformity in the interpretation of and standards applicable to the policies and
> their administration. Therefore, we have clarified the policy language pertaining
> to jurisdiction, venue and applicable law to emphasize that matters pertaining to
> the Standard Flood Insurance Policy, including issues relating to and arising out of

---

[2] Although the policy is not included in the record, the plaintiffs do not dispute the fact that the policy includes this language.

[3] A copy of the opinion is located at document 15, exhibit B.

4

> claims handling, must be heard in Federal court and are governed exclusively by
> Federal law.

(*Brown*, Doc. 15, Ex. B at 12, citing 65 Fed. Reg. 34826-27 (2000) (underlining in original)).

The *Brown* court also noted that the "[c]ourts considering the inclusion of Article IX in the SFIP

have concluded that the provision expressly preempts state-law claims for federal flood insurance

disputes." (*Id*.).[4]  The court concluded by finding that the plaintiff's state-law extra-contractual

causes of action . . . fail to state claims for relief because they are preempted by federal law." (*Id*.

at 14-15).[5]

It is now clear that Congress has expressly preempted state law claims for relief under

federal flood insurance policy disputes relating to and arising out of claims handling.  Although

_____

[4]  In an accompanying footnote, the court states:

> Peal v. North Carolina Farm Bureau Mut. Ins. Co., Inc., 212 F. Supp. 2d 508, 514 (E.D.N.C. 2002) (noting Article IX was effective Dec. 31, 2000 and holding that "[b]ecause the plaintiff's policy was issued prior to December 31, 2000, the expanded breadth of the express preemption clause in [sic] not applicable in this dispute"); Scherz v. South Carolina Ins. Co., 112 F. Supp. 2d 1000, 1004 (C.D. Cal. 2000) (discussing proposal to include Article IX in SFIP and stating "[t]his proposed change, if eventually adopted as an agency regulation and incorporated into future SFIPs, will expressly preempt state-law claims such as Scherz's implied covenant claim"); see also Gibson, 289F.3d at 955 n.5 (Moore, J. concurring in part and dissenting in part) ("FEMA promulgated this new regulation with the clear intent of preempting state-law claims."); Richmond Printing, 72 Fed. App 92, 2003 WL 21697457, *2 (noting inclusion of Article IX in SFIP as of December 31, 2000, and limiting discussion of preemption to claims which arose prior to that date); Baker v. State Farm Fire & Casualty Ins. Co., 216 F. Supp. 2d 606, 621 (S.D. Miss. 2001) describing Article IX as clear and unambiguous).

(*Brown*, at 15, n.56).

[5]  In *Peal*, the court stated the following:

> The court notes that FEMA recently revised 44 C.F.R. Pt. 61, App. A(1) in order to "clarif[y] the policy language pertaining to jurisdiction, venue and the applicable law to emphasize that matters pertaining to the [SFIP], including issues relating to and arising out of claims handling . . . are governed exclusively by Federal law." 65 Fed. Reg. 60758, 60767 (Emphasis added).  Article 9 now reads: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended 42 U.S.C. § 4001, et seq., and Federal common law." (Emphasis added).  This revision became effective December 31, 2000, and controls all policies issued after that date.  Because the plaintiff's policy was issued prior to December 31, 2000, the expanded breadth of the express preemption clause is inapplicable to the instant dispute.

*Peal*, 212 F. Supp. 2d at 514.

arguments may be asserted that the breadth and scope of that preemption is not clearly defined in every area, this court is satisfied that the plaintiffs' extra-contractual claims, as alleged in the complaint, particularly the bad faith failure to pay claim, are preempted in this instance. The plaintiffs' bad faith count in the complaint (Count II) unequivocally arises from the handling of their claim under their SFIP.[6] It is therefore due to be dismissed.

### b. Field preemption

The defendant next argues that "field preemption" also precludes the plaintiffs' other claims. This court is not satisfied that Congress has so pervasively regulated the flood insurance field that state law is preempted under this theory. As stated by the court in *Peal*, "most courts have declined to find field preemption in the flood insurance context. *See Bleecker* [*v. Standard Ins., Co.*], 130 F. Supp. 2d [726,] 734 [(E.D.N.C. 2000)]; *Scherz*, 112 F. Supp. 2d at 1006; *Davis*, 96 F. Supp. 2d at 1002; *Stanton v. State Farm Fire and Cas. Co., Inc.*, 78 F. Supp. 2d 1029, 1038 (D.S.D. 1999). Although the reasoning of these courts differs slightly, the bottom line is the same: Congress did not pervasively regulate the field of flood insurance. *See, e.g., Bleecker*, 130 F. Supp. 2d at 735 ('Stripping insurance claimants of protections offered by state law from the tortious conduct of insurers would leave a gapping hole in the flood insurance field which Congress did not intend.')." *Peal*, 212 F. Supp. 2d at 514. As further noted by the *Peal* court, "insurance law is an area traditionally regulated by [the] states, *see id.* at 734 (citing *Davis*, 96 F. Supp. 2d. at 1002; *Cohen v. State Farm Fire & Cas. Co.*, 68 F. Supp. 2d 1151, 1157 (C.D. Cal. 1999)), the court simply cannot conclude that NCFB has overcome its 'considerable burden' of

---

[6] To the extent various courts have held otherwise, this court notes that those decisions appear to involve policies issued before the effective date of the foregoing language. *See Studio Frames, LTD. v. Village Insurance Agency, Inc.*, 2003 WL 1785802, * 3, n.1 (M.D.N.C. 2003) (citing *Peal*, 212 F. Supp. 2d 508)).

proving that Congress intended to supplant the entire field of flood insurance. *De Buono v. NYSA-ILA Medical & Clinical Servs. Fund*, 520 U.S. 806, 814, 117 S. Ct. 1747, 138 L. Ed. 2d 21 (1997); *see also Worm*, 970 F.2d at 1305 ('[W]here Congress is claimed to have preempted by implication a field of law traditionally occupied by state law, our jurisprudence and principles of federalism dictate that we presume that Congress did not intend to nullify state law unless a contrary intent is "clear and manifest."') (citing *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S. Ct. 1305, 51 L. Ed. 2d 604 (1977))." *Peal*, 212 F. Supp. 2d at 514-15.

### c. Conflict preemption

Lastly, the defendant asserts that the plaintiffs' claims are precluded by "conflict preemption." In *Studio Frames, LTD.*, the court stated,

> Based on the statutory and regulatory provisions discussed above covering claims handling, and the fact that WYO companies do not receive a commission unless they pay a claim, the majority of courts who have considered the preemption issue have concluded that WYO insurers should not be subject to potential tort liability, such as bad faith or unfair and deceptive trade practices, for their conduct in the handling of claims. *See Gibson v. American Bankers Ins. Co.*, 289 F.3d 943 (6th Cir. 2002) (discussing cases), *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 129 F. Supp. 2d 1024 (S.D. Tex. 2001), *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 513, 522-23 (D.N.J. 2000).

*Studio Frames, Ltd. v. Village Ins. Agency, Inc.*, 2003 WL 1785802 at *5 (footnote omitted). This court finds no reason to depart from the prior determinations of a majority of the courts that have already addressed this issue.

### 2. Other Considerations

In resolving the preemption issue, the court must also address the plaintiffs' contention that this issue is controlled by the decision of the Fifth Circuit Court of Appeals in *Spence v. Omaha Insurance Co.*, 996 F.2d 793 (5th Cir. 1993). The defendant counters that the court

7

should not follow *Spence* because this court is bound by the former Fifth Circuit Court of

Appeals decision in *West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946, 99

S. Ct. 1424, 59 L. Ed. 2d 635 (1979).[7] (Doc. 15 at 2). Additionally, the defendant asserts that

the more recent Fifth Circuit decision in *Richmond Printing LLC v. Director, FEMA*, 2003 WL

21697457 (5th Cir. 2003), brings the precedential value of *Spence* into question. (Doc. 15 at 2).

     In *West*, the court held that the plaintiff's state law claims for attorney's fees and penalties

arising out of a WYO insurer's arbitrary refusal to pay a flood insurance claim were preempted

by federal law. *Id.*, 573 F.2d at 881. In *Spence*, the court held that the insured's state law claims

for, among other things, tortious misrepresentation in the procurement of the policy was not

preempted. *Id.*, 996 F.2d at 796. In so holding, the court

> reasoned that whether a claim was preempted should depend upon whether the
> claim arose out of the terms of the contract (the SFIP) or whether the claim was
> extracontractual. For contractual claims, [the court] noted that the 'national
> policies underlying the NFIP and extensive federal role therein impel our
> conclusion that federal common law governs claims under flood insurance
> policies.' *Id.* at 796. However, [the court] also found that FEMA accords
> 'substantial autonomy' to its private insurers in the areas of 'SFIP marketing and
> claims adjustment' and that, as a result, the federal interests in these claims were
> more attenuated. *Id.* Because the misrepresentation claim was an extracontractual
> claim, not a contractual claim under the SFIP, [the court] concluded that the claim
> was not preempted.

*Richmond Printing*, 2003 WL 21697457, *3.

     In *Richmond Printing*, which involved state law claims for negligence and fraudulent

misrepresentations arising out of the plaintiff's attempts to file a claim pursuant to its SFIP, the

court stated that the plaintiff's state law claims were not preempted. The court rejected the

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

defendants' attempt to draw a distinction "between extracontractual claims arising out of policy

procurement and extracontractual claims arising out of claims adjustment." *Id.*, 2003 WL

21699757, *4. The court provided:

> . . . . We clearly stated in *Spence* that, under the NFIP, private insurers had
> substantial autonomy in both policy procurement and claims adjustment. *Spence,*
> 996 F.2d at 796. Additionally, the terms of the SFIP prevent a private insurer
> from obtaining federal funds to cover the adjuster's liability for fraud. 42 U.S.C.
> § 4081(c) (1994) ("The Director of the Federal Emergency Management Agency
> may not hold harmless or indemnify an agent or broker for his or her error or
> omission."). Thus, as we noted in *Spence*, the federal interests in seeing federal
> law applied to such claims are much lower than they are where the claim arises
> out of coverage of the policy; claims on the policy are paid out of the federal
> treasury. *Spence*, 996 F.2d at 796.
>
> Further, the defendants misinterpret the relationship between *West* and
> *Spence*. While the claims for attorney's fees and penalties asserted in *West* were
> technically extracontractual, they were claims against the insurer ultimately based
> on the insurer's decision to deny coverage of a claim. Thus, the crux of the case
> in *West* arose out of a claim on the contract, not an extracontractual claim related
> to the procurement of the contract or the adjustment of the claims. *West*,
> therefore, can simply be read to mean that state law claims arising out of the terms
> of coverage of the SFIP are preempted, whether the claims are merely claims for
> coverage or ancillary claims arising out of the insurer's denial of coverage.
> Nothing in *Spence* contradicts this holding. *See Spence*, 996 F.2d at 795 (finding
> that federal law rather than state law applied to insured's breach of contract
> claim).
>
> In short, Fifth Circuit precedent clearly demonstrates that Richmond's
> tortious misrepresentation claims against RGA and Meyer are not preempted. . . .

*Richmond Printing*, 2003 WL 21697457, *4. The *Richmond Printing* court, however,

specifically limited its holding to claims that arose before the SFIP amendments applicable in the

present case became effective. *Id.* at *2.

This court finds the plaintiffs' reliance on *Spence* insufficient to change the court's

determination of the present matter for a number of reasons. First, *Spence* is not binding because

9

it was decided after the creation of the Eleventh Circuit Court of Appeals. Second, *Richmond Printing* makes it clear that the precedential value of that case and *Spence* is limited to SFIP claims preceding the effective date of the amendment. Even applying *Spence* to the present matter, the result is the same because the 2000 amendment clearly demonstrates the intent of Congress to preempt state law claims such as the bad faith claim presently being asserted.[8] Thus, the court concludes that the plaintiffs' bad faith claim is due to be dismissed with prejudice.

### C. Extra-contractual Damage Claims

#### 1. Consequential damages claim

The defendant next asserts that the plaintiffs' claim for consequential damages is due to be stricken. The plaintiffs do not discretely address this aspect of the defendant's motion. Instead, they assert the defendant's motion is due to be denied in toto.

It is undisputed that the policy at issue provides coverage for direct physical loss by or from flood to the insured property. *See* 44 C.F.R. Pt. 61, App. A(1) (2002). Thus, the plaintiffs are not entitled to recover consequential damages. *See West v. Harris*, 573 F.2d 873 (5th Cir.

---

[8] The court's reasoning concerning *Spence* is also applicable to the plaintiffs' reliance on *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc.*, 2000 WL 15923401 (E.D. La. October 24, 2000). In *Powers*, the plaintiffs brought state law claims in state court seeking damages for fraud, misrepresentation, negligence and intentional acts committed by the defendants in connection with the plaintiffs' procurement of an SFIP policy. The case was removed to federal court where the plaintiffs filed a motion to remand. Granting the motion, the court stated that because *Spence* did not preempt such state law claims, there was no federal question jurisdiction. *Powers*, 2000 WL 1593401, *1.

The court is similarly unimpressed with the plaintiffs' reliance on *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp. 2d 800 (S.D. Tx. 2000), particularly in light of that court's later holding in *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 129 F. Supp. 2d 1024 (S.D. Tx. 2001), that the plaintiff's state law claims for breach of duty of good faith and fair dealing and violation of Texas Insurance Code based on the defendant's denial of coverage were preempted by federal law.

Lastly, the court is unpersuaded by the decision in *Davis v. Travelers Property & Cas. Co.*, 96 F. Supp. 2d 995 (N.D. Cal. 2000). That court's holding, contrary to FEMA's position that the state law claims were preempted, that the claims were not preempted is of questionable import in view of the Supreme Court's subsequent decision in *Geier v. American Honda Motor Co., Inc.*, 529 U.S. 861, 883, 120 S. Ct. 1913, 146 L. Ed. 2d 914 (2000), that a federal agency's view on preemption is entitled to some deference.

1978), *cert. denied*, 440 U.S. 946, 99 S. Ct. 1424, 59 L. Ed. 2d 635 (1979) (damages recoverable

in a breach of contract action under a SFIP are limited to those that are "pecuniary in nature, not

personal"); *In re Estate of Lee*, 812 F.2d 253, 257-58 (5th Cir. 1987) (upholding the denial of

"compensation for loss resulting from interruption of business or manufacture" which was not

provided for in the policy); *Atlas Pallet, Inc. v. Gallagher*, 725 F.2d 131, 139 (1st Cir. 1984)

("We believe that the type of loss insured under the SFIP does not include the kind of economic

loss claimed by appellant under the rubric of 'consequential damages.' Instead, we conclude that

the SFIP only covers physical damage to the insured building."). These claims are therefore due

to be dismissed.

### 2. Punitive Damages

The defendant also asserts that the plaintiffs are not entitled to punitive damages. The

court agrees. *West*, 573 F.2d at 881 (a prevailing plaintiff in a suit on a flood insurance policy

issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory

penalty and attorney' fees allowed by state insurance law for arbitrary denial of coverage).

### 3. Interest

The defendant finally asserts that the plaintiffs are not entitled to recover interest on any

judgment. The Eleventh Circuit Court of Appeals in *Newton v. Capital Assurance Co., Inc.*, 245

F.3d 1306, 1311 (11th Cir. 2001), made it clear that a plaintiff cannot be awarded interest on any

judgment. Accordingly, this claim is due to be dismissed.

### IV. CONCLUSION

Premised on the foregoing, the court finds that the defendant's motion to dismiss (doc. 5)

is due to be granted. Accordingly, the plaintiffs' state law claim of bad faith failure to pay and

11

their claims for extra-contractual damages, including consequential damages, punitive damages, and interests are due to be dismissed with prejudice.

Any objections to this report and recommendation must be filed pursuant to 28 U.S.C. 626(b)(1) and FED. R. CIV. P. 72(b).  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472, 88 L. Ed. 2d 435 (1985).

DONE, this the *14th* day of June, 2004.

JOHN E. OTT
United States Magistrate Judge

12

**EXHIBIT 9**

DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS STATE LAW CLAIMS

SHUWAYHAT v. FIDELITY
CASE NO. C-07-05351 MHP

## LIST OF CASES FINDING PREEMPTION OF STATE LAW CLAIMS

### THIRD CIRCUIT

*C.E.R. 1988, Inc., v. Aetna Cas. & Sur. Co.*, 386 F.3d 263 (3rd Cir. 2004)

**New Jersey**

*O'Kane v. Hartford Fire Ins. Co.*, No. 04-1667 (RBK) (D.N.J. 11/17/05)

*Messa v. Omaha Property & Casualty Ins. Co.*, 122 F.Supp.2d 513 (D. N.J. 2000)

*Griffin v. Selective Insurance Co.*, Civil Action No. 00-4071 (D. N.J.12/15/00)

*3608 Sounds Ave. Condo Assoc. v. South Carolina Ins. Co.*,
58 F.Supp. 2d 499 (D.C.N.J. 1999)

*McCloskey v. National Flood Services, Inc.*, 99CV1501 (D.C.N.J. 9/21/99)

**Pennsylvania**

**Eastern District**

*Dudick v. Nationwide Mut. Fire Ins. Co.*, 2007 WL 984459, *3-5 (E.D.Pa. 3/27/07)
No. 06-CV-01768-CG

*Deverant v. Selective Insurance Company*, No. 02-CV-3801 (E.D.Pa. 01/07/03)

*Gainor v. Nationwide*, No. 2001-CV-0143 (E.D.Pa. 04/16/01)

*Neill v. State Farm*, 159 F.Supp.2d 770 (E.D. Pa. 2000)

**Western District**

*Linder & Assoc. v. Aetna*, Docket No. 96-1124 (W.D. Pa. 02/04/97)

### FOURTH CIRCUIT

**Maryland**

*Moffett v. Computer Sciences Corp.*, 457 F.Supp.2d 571, 580-588 (D.Md. 9/29/06)

**North Carolina**

### Eastern District

*Bassett v. South Carolina Ins. Co.*, No. 2:04-CV-21-FL(1) (E.D.N.C. 1/4/05)

*Peal v. North Carolina Farm Bureau Mutual Insurance Company, Inc.*, 212 F.Supp.2d 508 (E.D.N.C. 2002)

*Perry v. South Carolina Insurance Company*, Docket No. 2:00-CV-14BO(2) (E.D.N.C. 8/20/2001)

### Middle District

*Studio Frames, Ltd. v. Village Ins. Agency, Inc., et al.,* 2003 WL 1785802 (M.D.N.C., 3/31/2003)

## FIFTH CIRCUIT

*Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005)

*Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005)

*Hanover Building Materials v. Guiffrida*, 748 F.2d 1011 (5th Cir. 1984)

*West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 99 S.Ct. 1424 (1979)

**Louisiana**

### Eastern District

*LeBlanc v. State Farm Ins. Co.*, 2008 WL 1990817, *1 (E.D.La. 5/5/08) (J. Fallon)

*Fernandez v. Chase Manhattan Mortgage Corp.*, 2008 WL 1927607, *2 (E.D.La. 4/30/08) (J. Fallon)

*Baltazor, Inc. v. Fidelity National Ins. Program*, 2008 WL 553190, *4 (E.D.La. 2/26/08) (J. Lemmon)

*Blakely v. Fidelity National Prop. and Cas. Co.*, 2008 WL 482731, *3 (E.D.La. 2/19/08) (J. Lemelle)

*Ming Cheng Wang v. Audubon Ins. Co.*, 2008 WL 447700, *1 (E.D.La. 2/14/08) (J. Vance)

*Wolfe v. Fidelity National Ins. Co.*, 2008 WL 89643, *2 (E.D.La. 1/7/08) (J. Barbier)

*Guillot v. Allstate Ins. Co.*, 2008 WL 45359, *3 (E.D.La. 1/2/08) (J.Vance)

*Graffeo v. Liberty Mutual Ins. Co.*, 2007 WL 4547494, *2 (E.D.La. 12/19/07) (J. Livaudais)

*Wang v. Fidelity National Ins. Program*, 2007 WL 4463427, *1 (E.D.La. 12/17/07) (J. Vance)

*Campo v. Allstate Ins. Co.*, 2007 WL 3408277, *1 (E.D.La. 11/14/07) (J. Berrigan)

*Mladenoff v. Fidelity National Ins. Co.*, 2007 WL 4104934, *1 (E.D.La. 11/13/07) (J. Berrigan)

*Robinson v. State Farm Mut. Ins. Co.*, 2007 WL 3342536, *1 (E.D.La. 11/7/07) (J. McNamara)

*Troyer v. Allcat Claims, LLC*, 2007 WL 3275123, * (E.D.La. 11/6/07) (J. Barbier)

*Bolden v. FEMA*, 2007 WL 3046067, *5 (E.D.La.10/16/07) (J. Berrigan)

*Baker v. Allstate Ins. Co.*, 07-283 (E.D.La. 8/20/07) *8-9, 11 (J. Fallon)

> (relying upon *Dickerson, infra*, court dismissed as state law based extra-contractual claims that plaintiff attempted to "re-label" as federal common-law claims)

*Kiersey v. State Farm Fire and Cas. Co.*, 2007 WL 2265034, *2 (E.D.La. 8/2/07) (J. Vance)

*Lawrence v. Fidelity Nat. Ins. Co.*, 2007 WL 1741785, *6 (E.D.La. 6/11/07) (J. Barbier)

*Dickerson v. State Farm Fire and Cas. Co.*, 2007 WL 1537631, *2 (E.D.La. 5/23/07) (J. McNamara)

> (court dismissed as state law based extra-contractual claims that plaintiff attempted to "re-label" as federal common-law claims)

*Faust v. State Farm Fire and Cas. Co.*, 2007 WL 1191163, *2 (E.D.La. 4/20/07) (J. Vance)

*Reichert v. Fidelity Nat. Property*, 2007 WL 763706, *1 (E.D.La. 3/8/07) (J. Zainey)

*Detiege v. State Farm Fire and Cas. Ins. Co.*, 2007 WL 609546, *2 (E.D.La. 2/22/07) (J. Lemelle)

*Windes v. Haeuser Ins. Agency, Inc.*, 2007 WL 316998, *1 (E.D.La. 1/30/07) (J. Lemmon)

*Versai Management Corp. v. Standard Fire Ins. Co.*, 2007 WL 184884, *2 (E.D.La. 1/22/07) (J. Feldman)

*Crespo v. Liberty Mutual Fire Ins. Co.*, 2007 WL 181874, *4 (E.D.La. 1/18/07) (J. Africk)

*Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, 2007 WL 60993, *2 (E.D.La. 1/5/07) (M.J. Wilkinson)

*Taglialavore v. Allstate Insurance*, No. 02-3471 (E.D.La. 2/25/04) (J. Feldman)

*Miceli v. Hartford Fire Ins. Co., et al.,* 2004 WL 253457 (E.D. La., 2/10/04) (J. Africk)

*Petrich v. Bankers Ins. Co.*, No. 03-2753 (E.D.La. 12/22/03) (J. Lemmon)

*Danos v. Louisiana Farm Bureau*, 2003 WL 715753 (E.D.La. 2003) (J. Porteous)

*Kaufman v. State Farm*, Docket No. 00-1033 K(3), (E.D.La 04/11/01) (J. Duval)

*Oppenheim v. Leone*, 1997 WL 149952 (E.D.La. 03/20/97) (J. Fallon)

*Cage v. State Farm Ins. Co.*, 1997 WL 40641 (E.D.La. 01/31/97) (J. Fallon)

*Stock v. State Farm Ins. Co.*, 1997 WL 40629 (E.D.La. 01/30/97) (J. Duval)

*Durkin v. State Farm Mutual Ins. Co.*, 3 F.Supp.2d 724 (E.D.La. 1997) (J. Vance),
     *aff'd*, 141 F.3d 1163 (5th Cir. 1998)

*Adams v. State Farm Fire & Cas. Co.*, 1996 WL 592734 (E.D.La.10/10/96) (J. Livaudais)

*Levy v. Omaha Prop. & Cas.*, 1996 WL 680251(E.D. La.11/21/96 ) (J. Duval)

*Schopen v. State Farm Ins. Co.*, 1996 WL 696444 (E.D.La. 12/02/96) (J. Mentz)

### Western District

*Nobles v. Bankers Insurance Company*, Civil Action No. 02-0294 (W.D.La.04/28/03)

*Drewett v. Aetna Casualty & Surety Co.*, 405 F.Supp. 877 (W.D.La.1975),
     *aff'd on other grounds*, 539 F.2d 496 (5th Cir. 1976)

## Mississippi

### Northern District

*Eddins v. Omega Ins. Co.*, 825 F.Supp. 752 (N.D.Miss. 1993)

### Southern District

*Catchot v. Felsher*, 2007 WL 4557863, *2 (S.D.Miss. 12/20/07)

*Jones v. Mississippi Farm Bureau Mut. Ins. Co.*, 2007 WL 3010336, *3-4 (S.D.Miss. 10/10/07)

*Evans v. State Farm Fire and Cas. Co.*, 2007 WL 2783323, *4 (S.D.Miss. 9/21/07)

*Treasure Bay Gaming & Resorts, Inc. and Treasure Bay Corp. v. Omaha, et al*, No. 1:00cv425GR (S.D. Miss. 6/25/02)

*Eaker v. State Farm*, 216 F.Supp.2d 606 (S.D.Miss. 2001)

## Texas

### Eastern District

*Hanak v. Talon Insurance Agency, Ltd.*, 2006 WL 3933331 (E.D.Tex. 10/13/06), No. 1:05-cv-777

*Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F.Supp.2d 675, 680 (E.D.Tex 2004)

### Southern District

*Bartolome v. U.S.*, 2006 WL 2247326, *2 (S.D.Tex. 8/4/06) No. H-04-3898

*Marin v. Selective Ins. Co.*, (S.D. Tex. 02/09/04) (H-03-3915)

*Bertolotti v. Prudential Property and Casualty Insurance Company,* Civil Action No. H-02-3854 (S.D.Tex. 03/07/03)

*Hagest v. Allstate Insurance Company*, Docket No. H-02-0241-Civ-Rosenthal (S.D.Tex. 02/24/03)

*Eastwood v. State Farm Fire and Casualty Company*, Civil Action No. H-02-4033 (S.D.Tex. 12/30/02)

*Jamal v. Travelers*, 129 F.Supp.2d 1024 (S.D. Tex. 2001)

*Miller v. Omaha Prop. & Cas. Ins. Co.*, Docket No. H-95-4942 Magistrate Nancy K. Johnson Decision (S.D.Tx. 8/13/97), adopted by District Judge Sim Lake (S.D.Tx.9/4/97)

### Northern District

*Morrison v. State Farm*, (N.D.Tex. 2/1/06) No. 1:04-CV-244-C (ECF)

- court dismissed all claims against two adjusters as preempted by the NFIP

### Western District

*Reynolds v. Southern Farm Bureau Cas. Ins. Co.*, 2008 WL 717555, *3 (W.D.Tex. 3/13/08)

*Brown v. Omaha Property and Cas. Ins. Co., et al.,* Civil Action No. SA-03-0721 (W.D. TX., 1/6/04, adopting report and recommendation of Magistrate Judge dated 12/5/03).

## SIXTH CIRCUIT

*Gibson v. American Bankers*, 289 F.3d 943 (6th Cir. 2002)

### Kentucky

*Muncy v. Selective Ins. Co. of America*, 2007 WL 2229224, *3 (E.D.Ky. 7/31/07)
     No. 05-CV-220-HRW

*Oaks v. Allstate Ins. Co.*, 2006 WL 3328179, *4 (E.D.Ky. 11/14/06) No. 05-191-REW

### Michigan

#### Western District

*Bruinsma v. State Farm Fire and Cas. Co.*, 410 F.Supp.2d 628 (W.D. Michigan 2006)

## SEVENTH CIRCUIT

### Indiana

*Leicht v. First Community Ins. Co.*, 04-cv-1044 (S.D.Ind. 1/6/05)

## NINTH CIRCUIT

*Pecarovich v. Allstate Ins. Co.*, 135 Fed.Appx. 23 (Not selected for publication in the Federal Reporter), 2005 WL 1331803 (9th Cir. 6/6/05) (NO. 03-56420)

\*      Also contains a bad decision regarding waiver.

**California**

### Central District

*Pecarovich v. Allstate Insurance Company*, 272 F.Supp.2d 981 (C.D.Cal. 2003)

*Scherz v. So. Carolina Ins. Co.*, 112 F.Supp.2d 1000 (C.D.Cal. 2000)

### Eastern District

*Novikov v. Allstate*, 2001 WL 880852 (E.D.Cal. 2001)

*Mason v. Witt*, 74 F.Supp.2d 955 (E.D.Cal. 1999)

### Northern District

*Chatmar, Inc. v. Bankers Ins. Co.*, (not reported in F.Supp.2d), 2005 WL 588511(N.D.Cal. Feb 11, 2005) (NO. C 04-02347 JW)

*Fonseca v. Bankers Ins. Co.*, Docket No. C-99-1910 ARB (N.D.Cal. 03/16/01)

*Axelrod v. Bankers Ins. Co.,* Docket No. C-99-2663 ARB (N.D.Cal. 01/29/01)

*Bianchi v. State Farm Fire and Cas. Co.*, 120 F.Supp. 2d 837 (N.D.Cal. 2000)

## TENTH CIRCUIT

**Colorado**

*TAF, LLC v. Hartford Fire Ins. Co.*, 06-cv-01822 (D.Colo. 2/23/07)

## ELEVENTH CIRCUIT

**Alabama**

*Munnerlyn v. State Farm*, No. CV-04-HGD-1766-M (N.D.Ala., 11/10/04, adopted by court on 12/10/04)

*Hayes v. Allstate Insurance Company,* No. CV-03-PT-3343-S   (N.D.Ala., 6/14/2004, adopted by court on 7/12/2004)

**Florida**

**Middle District**

*House v. Bankers Ins. Co.*, 43 F.Supp.2d 1329 (M.D. Fla. 1999)

*Stapleton v. State Farm Fire and Cas. Co.*, 11 F.Supp.2d 1344 (M.D.Fla. 1998)

*Dere v. Bankers*, Docket No. 98-1408-Civ-Orl-22c (M.D. Fla. 06/25/99)

*Bechtold v. Omaha Prop. and Cas. Ins. Co.*, Docket No. 95-167-Civ-Oc-10 (M.D.Fla.10/02/96)

*Friedman v. South Carolina Ins. Co.*, 855 F.Supp. 348 (M.D.Fla.1994)

**Northern District**

*Perdido Sun Condominium Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 2007 WL 2565990, *4-6 (N.D.Fla. 8/30/07)

*Greer v. Owners Ins. Co.*, 434 F.Supp.2d 1267, 1275 (N.D.Fla. 6/6/06)

*Scott v. Travelers Prop. & Cas. Ins. Co.*, Docket No. 5:99cv77-SPM (N.D.Fla. 03/7/00)

*Levitus v. Omaha Prop. & Cas. Ins. Co.*, Docket No. 3:97cv84/RV (N.D.Fla. 05/21/97)

*Mogab v. Omaha Prop. & Cas. Ins. Co.*, Docket No. 3:96cv570\LAC (N.D.Fla.05/9/97)

*King v. Omaha Prop. & Cas. Co.*, Docket No. 3:97cv40\LAC (N.D.Fla. 05/07/97)

*Lyon v. Auto-Owners Ins. Co.*, Docket No. 3:96cv463\LAC (N.D.Fla. 11/04/96)

**Southern District**

*Ochoa v. Auto Club South Insurance Company*, Case No. 03-21577 (S.D.Fla. 09/24/03)

*Brookview Condominium Assoc., Inc. v. Bankers Ins. Co.*, Case No. 03-20663 (S.D.Fla. 07/21/03)

*Towers of Oceanview Point Condominium Assoc., Inc. v. Harleysville Mutual Ins. Co., Inc., et al.*, Case No. 02-60145 (S.D.Fla. 05/13/03)

*Pacino v. Travelers Insurance Company, et al*, Docket No. 01-20430-CIV (S.D.Fla. 03/13/03)

*De La Cruz v. Bankers Ins. Co.*, 237 F.Supp.2d 1370, 1373 (S.D.Fla. 2002)

*Guerra v. Union American Insurance Company*, Docket No. 1:01-CV-5089 (S.D.Fla. 08/21/02)

*Jones v. Hartford,* Docket No. 01-8087 (S.D.Fla. 02/25/02)

*De La Cruz v. Bankers Ins. Co.*, Case No. 01-3743 (S.D.Fla. 05/22/02);

*Gerson v. South Carolina Ins. Co.*, Docket No. 98-1743 CIV-KING (S.D.Fla. 09/2/98)

**Georgia**

*Bains v. Hartford Fire Ins. Co.*, 440 F.Supp. 15 (N.D.Ga. 1977)